Parsons, C. J.
In a writ of entry, when the general issue is pleaded, the demandant, on the trial, may give evidence of the seisin on which he has counted, within the time alleged in his count. Having done this, he must recover, unless this evidence is controlled by the evidence of the tenant; or unless the tenant can show that the entry, which is averred to be a disseisin, was just, or by judgment of law. These seem to be all the points put in issue by the plea of nul disseisin.
But the tenant, besides pleading in abatement to the writ, or falsifying the entry by plea to the action of the writ, may also plead in bar. And although, under the general issue, he cannot give in evidence a title, under which he does not claim, unless it be to rebut the demandant’s evidence of seisin, yet he may plead in bar a conveyance by the demandant to a third person, under whom he does not claim. For if the tenant have no right, yet if the demandant have no right, he cannot in law draw into question the tenant’s seisin, whether acquired by right or by wrong.
But notwithstanding an execution by the demandant [ * 420 ] of * a deed, purporting to be a conveyance of his right, no right may in fact pass by such deed ; and the demandant may reply to the tenant’s bar, that nothing passed by the deed, which may be traversed, and an issue to the country be joined and tried ; and if the verdict be for the demandant, he shall have judgment.
It may often happen in this state, where boundaries are not ascertained, that the owner in fee of land may be disseised without knowing it, and may honestly execute a deed of conveyance to an intended purchaser, equally ignorant of the disseisin ; in which case *343 it is very clear that nothing would pass by the deed. But the law would be very unreasonable in deciding, because the supposed purchaser cannot maintain an action against the disseisor, because he took nothing by his deed, that the owner, from whom nothing passed, should also be barred of his right of action against a wrong doer.
We will now apply these well-known principles to the case at bar. The deeds, which were admitted in evidence, were executed long after the grantors had been disseised; so that nothing could pass by those deeds to the grantee, who was not in possession, the tenants then having the freehold, and the general issue was upon trial. Neither of these deeds had any tendency to disprove the seisin of the ancestor of the demandants within the time averred in the writ, or to prove that the entry of George Knight was just, or by judgment of law. Under this issue, these deeds could not legally be read in evidence, not having any bearing upon either of the points at issue.
But if the tenants had pleaded these deeds in bar, the demand-ants might have replied, that nothing passed by them; which replication, in this case, would have been true, and the bar would have been avoided. In no view, in which the case presents itself, could these deeds have defeated the right of action of the demandants. The direction of the judge was incorrect. The verdict must be set aside, and a new trial be granted.
*It ought to be observed that, on conversing with the [ *421 ] judge, before whom this cause was tried, he declared that his direction was against his own opinion, and was given with much reluctance. But the case of Drinkwater vs. Martin, which has been referred to in the argument, was cited at the bar, in which it was said that the judges, in a real action, on a trial upon the general issue, had- decided that, if the demandant had executed deeds purporting to convey all their right to strangers not in possession, and by which deeds nothing passed, those deeds might be read in evidence, and would in law defeat the demandant’s action ; that he did not feel himself at liberty, when sitting alone, to overrule this decision, but reported his direction for the consideration of a full Court.
The decision in that case was correctly stated to the judge. It was made in haste, during a jury trial, when the judges were denied any means of consulting books, or of deliberation on the point; and it must be overruled, as repugnant to the established rules of evidence, applicable to the trial of actions of entry on the general issue.
It was said, by the judges in that case, that the purchase of a dormant title, from a party not seised, by a stranger out of posses *344 si on, was an offence at law. This is true, when made wittingly to disturb the tenant in his possession. The parties may be punished for the offence, and the conveyance is void ; but there is no scintilla of law, that a man, having a right to recover in a real action, is barred by the execution of a deed purporting to be a conveyance, but by which his right did not pass, unless by way of estoppel as between the parties to the deed. , And if it was possible to suppose that a deed of a person having right, and which does not pass his right, shall bar his right as to strangers to the deed, — yet this deed could not be given in evidence on the general issue, but should have been specially pleaded, as its effect would be to confess and avoid the count, and not to disprove any of the averments therein contained. However this may be, it is extremely clear that, [ * 422 ] in the present * case, under no form of pleading can the deeds read in evidence bar the demandants of their right.
Per Curiam, unanimously, verdict set aside, and a new trial granted. (1)

 [See Newhall vs. Hopkins, ante, 350. — Ed.]