Mr. Justice Todd-
delivered the opinion of the-court, and-after stating the facts,^proceeded as follows;
The,first question is, whether -the'circuit court were right in rejecting the- evidence, offered by the defendant establish a title in himself under the grant of Joseph? that grant being'posterior in date to the grant-under which the plaintiff claimed; and this depends up- .... . , . , on the consideration, whether a prior settlement right, would, in equity, give the party á title to the*anc^ 03n be asserted also, as-a sufficient title in an actjan of ejectment. '
_ , By the compact settling the boundary line Between' and Tennessee, and the- laws- made in par-suance thereof, it is declared, that all claims and titles*to lands derived from the governments of Virginia, or North-Carolina, or Tennessee, -which have fallen into- * % * respective states; shall remaní as secure to he owners thereof, as if derived from the government ^thin whose line they have fallen; and shall not be? in any wise prejudiced or affectéd in consequence of the establishment of the said line. The titles, both of the plaintiff and defendant in this case, were derived under grants- from Virginia ; and'the argument is, that as in Virginia no equitable claims-or rights ante-; cedent to the grants, could be asserted, kva court-o£ *219 law in an 1 ejectment, but were matters cognizable-in equity only, that the. rule must, under the compact between the two states, apply to all the suits inihecburts in Tennessee, respecting the lands included an those grants.
Remedies, in respect to real are according*11 to the lex loci jd sitos. ■ ■
The general rule is, that remedies m respect to real , , , estates are t® be pursued according to the law of place where the estate is situate.a Nor do the court *220 perceive any. reason to suppose that it was the intention of the legislature of either state, in the acts before'us, to vary the application of the rule in cases within the compact. Those acts are satisfied by construing them to.give the same validity and effect to.the titles acquired in-the disputed territory, as they, had, or would have,, in the state by which,they were granted, leaving the remedies to enforce such titles to he regulated by the lex.foni.
The doctrine of the state courts of Tennessee,permitting an equitable title to be assented in an action at law, only applies to cases within the express purview of the Matutes of ’ Tennessee.
The question- then is, .whether in the circuit, courts of the United States^ a merely equitable title can be set up ás a defence in an action of ejectment. It is understood that the state courts of Tennessee have *221 decided that under their statutes, declaring an elder grant founded on a younger entry, to be void, tné priority of entries is examinable at law; and that a junior patent founded on a prior entry, shall prevail in an ac-¿ion of ejectment against a senior patent founded on a junior entry. But this doctrine has never been extended beyond the cases which have been construed to be within the express purview of the statutés of Tennessee. The present case stands upon grants of Virginia, and is not within the'purview of the statutes of Tennessee; the titles have all their validity firom the laws of Virginia', and are confirmed by the stipulations of the compact: Assuming, therefore, that in the case of entries under the laws of Tennessee, the priority of such entries is examinable at. law, this court do not think that the doctrine applies to merely equitable rights derived from other sources. •
™ourts °f the United States at com* mon law and to be” not act00j-h® ^ut^Lcwding to the principlesof common lawande^uity England!Thhi conciled’ with decisions of the courts of Tennessee, equUab!eStUl« inanacUon'at
There is a more general view of this subject, which deserves consideration. • By the laws of the United 1 f J • Slates, the circuit courts have cognizanoe of all suits of a civil nature at common law, and in equity, incases which fall within the limits prescribed by those laws. By the 24th section of the judiciary act of 1789, it is pro•vided, that the laws of the several States, except where , . . tt • , the constitution, treaties, or statutes ot the United States, shall otherwise require or provide, shall be r.egarded as rules of decision in trials at common law in the courts of the.United States, in cases where they . J * ply. The act of May, 1792, confirms the modes of proceeding then used in suits at common law in the courts of the United States, and declares that the modes *222 tit proceeding in suits of equity, shall be “according to the pñnciples,: rules, and usages which belong to courts Of equity, as contra-distinguished frorp courts of cbiaampn laW)” except so far as may have been provided for by the act to establish the judicial courts of the United States, It is material to consider whether it was the intention of Congress, by these provisions, to. confine the courts of the United States in their mode of administering relief to the same remedies, and those only, with all their incidents, which existed in the courts of the respective states. In other words, whether it was their intention to give the party relief at law, where the practice of the .state courts would give it, and relief tre equity only, when according to such practice, a plain, adequate, and complete remedy could not he had at law. In some states in the union, no court of chancery exists to administer equitable relief. In some of those states, courts of law recognise and enforce in suits at law, all the equitable claims and rights which a court of equity would recognise and enforce; in others, all relief is denied and such equitable claims and rights are to be considered as mere nullities at law. A construction, therefore, that would adopt the state practice in a its extent, would at once extinguish, in such states, the exercise of equitablé jurisdiction. The acts of Congress have distinguished between remedies at common law and in equity, yet this construction would confound them. The court, therefore think, that to effectuate the purposes of the legislature,the remedies in the courts of the United States, are to be, at common law or in equity, not according to the practice of *223 state courts, but according to the principles of common laW and equity, as distinguished and defined in that country from which we derive pur knowledge of those principles. Consistently with this construction, it may be admitted, tbát where by the statutes of a state, a title, which would otherwise be deemed merely equitable, is recognised as a legal title, or a title which would be good;at law, is under circumstances of an equitable nature declared by such statutes to be void, the rights of the parties, in such case, may be as fully considered in a suit at law in the courts of the United States, as they ryould be in any stare court.
In either view of this first point, the court is of opinion that the circuit court decided right in rejecting the evidence offered by the original defendant. It was matter proper for. the cognisance of a court of equity* and not admissible in a suit at law.
The next question is, whether the circuit court decided correctly in rejecting the deed of conveyance from the plaintiff’s lessor to Arthur L. Campbell, for the land in .controversy, made during the pendency of the suit. The answér that was given at the bar is deemed decisive; although an action of ejectment is founded in fictions, yet to certain purposes it is considered in the same manner as if the whole proceedings were real; for all the purposes ot the suit the lease is to be deemed a real possessory title. Jf.it expire during the pendency of the suit, the plaintiff cannot recover his term at law, without procuring it to be enlarged by the court, and can»proceed only for antecedent damages. In the present case the lease is to be deemed as a good subsisting *224 lease, and the conveyance by the plaintiff’s lessor during the pendency of the suit could not operate upon his reversionary interest, and, consequently, could not ex" tinguish the prior lease- The existence of such a leape is a fiction; but. it is upheld-for the purposes of justice, und there is no pretencethat it works any injustice m this case.
tetío”s*offTen nessee phcable to this ease.
^ast question is, whether the statute of limifaof Tennessee was a good bar to the action. It is .. , , , , admitted, that it would be.a good bar only upon the supposition that the . lands in controversy were always within the original limits of Tennessee; but there is no such proof in the cause. The compact of the states does not affirm it, and the present boundary was an amr ic.able adjustment by that compact. It cannot, the; e-fore, be affirmed by any court 'of law, that the land was within the' reach of the statute of limitations of Tennessee until after the compact of 1802. The statute could not begin to run until it was ascertained that the land waá within the jurisdictional limits of the state of Tennessee.
The judgment of the circuit court is affirmed, with costs.a

 The foundations of this doctrine, and of all the other ’principles concerning the lex foci, are laid down by Hubecus, in hi* Pmlectiofies, with that admirable force and pre<ci*ion which distinguish the ■ wprks of the writers who have been formed indie school of the Roman jurisconsults, and which justify the eulogium pronounced upon that school by Leibnitz. ‘‘Fundamentum universas hujus doctrinas diximus esse, et tenemus, subjectionem homium infra leges cujusquc territorii, quandiu 9lic agunt, quae fecit, ut actas id) initio validus aut .nuilus,. alibi queque valere aut non valere non nequeat Sed base ratio non convenitrebus immobilibus, quandp iile spectantur, non ut dependentes a libera dispositione cujusquc patrisfasniiias, verum quatenus certas «ote lega cuj usque Reip. ubi sita sun t, illis impress® reperiuntur; has no tag manent indelibiles in ista iteppbl. quioquifi aliarum CivitatUm leges aUt prwatorum dispositiones,secu* aut contra'-statuant; nec enim sine magna confusiene prasjudicioqu* Reipubl. Ubi sitsesurtt res soli, Leges de illis Iatae,dispositionibusistismutaripossent Hiñe Frisius habens agros et domos in provincia Groningen* si, non potest de illis.testan, quia Lege prohibitum est ibi de bonis immobilibus téstari, non ralente Jure Ffisico adfi* cere bona, quae partes alieni territorii integrantes constituunt. Sed an hoc non obstatei, quod antea diximus, si factum sit Testamentum jure loci vali. dum, id effectum habere etiam in bonis alibi sitis, ubi de illis testari licet T Non obstat; quia legum diversitas in ilia specie non afficit res soli, ñeque de illis loquitur, aed ordinal actum *220 testandi; quo rccte celebrato, Lex Reipubl, non vetat illum actum valere in immobilibus, quatenus niillus character illis ip?is a lege loci impressus laeditur aut imminuitur.* IIme observado locum etiam in con fraedbus habet; quibus in Hollandia vonditas res soli Frisici, modo in Frisia prohibito, twiet, ubi 'gestas-est, valido, recte venditse intelliguntur; idemque in rebus non quidem immobilibus, at solo cohaerentibus; uti si. frumenturn soli Frisici in Hollandia Secundum lastas, ita dictas, sit v'enditum, non valet yenditio, nee quidem in Hollandia secundum earn jus dicetur, etsi tale frumentum ibi non sit vendí prohibitum ; quia in Frisia interdictum est; et solo cohseret ejusquo pars est. . Nec áliud juris evit in succesionibus ab intestak); si defunctus sit Paterfamilias. cujus bona in diversi locis imperii sita sunt, quantum attinet ad immobilia, servatur jus loqi, in quo situs eorum est; quoad mobiiia, servatur jus, quod illic loer est,ubi testator habuitdomicilium, qua de ré, vide Sandium, lib. 4. decis. lit. VIII. def. 7.” Huberus, Proelectiones, tom. 2 lib. I tit. 3. De Conflicto Legum. See Erkine’s Institutes of the Law of Scotland, 10th ed. 309. Pothier, de la Presciption 207. Code Napoleon, art. 3.

 Sed quare? See United States v. Crosby, 7 Cranch, 115

 In Buller’s Nisi Prius, 110, it is laid down, that in •ejectment, “if the defendant prove a title out of the lessor, it is sufficient, although he have no title himself; but he ought to prove a subsisting title out of the lessor, for producing an ancient lease for 1000 years will not be sufficient unless he likewise prove possession under such lease within twenty years.” The same doctrine is stated in Runnington on Ejectments, 343. and thé case of England v. *225 Slade, 4 T. R. 682. is relied on to support it. But this cáse only shows, that the tenant may prove that the lessor’s tille has expired, and, therefore, that he ought not to turn him o,ut of possession.
It is unquestionable law,that in ejectment “the plaintiff cannot recover 'but upon the strength of his own title. He cannot found his claim upon the weakness of the defendant’s titl§; for possession gives . the defendant a. right against every man who cannot show a good title.” Haldam v. Harvey, 4 Burr. 2484. S. P. Martin v. Troyonell, 5 T. R. 107. note. But this doctrine waS'asserted in a case where the plaintiffsought to recover upon a title which, she had conveyed away to a third person; and nothing can be clearer than that the plaintiff cannot recover without showing a subsisting title in-himself. Tf the position in Buller’s Nisi Prius were confined to cases of this sort, diere could not be the slightest ground to question its validity But it is supposed to establish the doctrine, that if the plaintiff has a title which is not an indefeasihie possessory title, but is, in fact, better than that of the defendant he is not entitled to recover, if the defendant can , . ... .... show a superior title in a third person, with whom the defendant does not claim any privity.
■ It is the purposp of this note to show, that the authorities' do not justify the doctrine to this extent;' and if it be true in any case, (which maybe doubted,) it is liable to a great many exceptions, which destroy its general applicability. Speaking upon this subject Lord Mansfield is reported to have said, “there is another distinction to be taken,whether supposing a title superior to-that of the (essor of the plaintiff exists in a third person, who might recover the possession, it lies in thq mouth of the defendant to say sq, in answér to an ejectment .brought against himself, by a party having a better title than his own. I found this point settled before I. came into this court, that tb ?, court never suffers a niorgagor to set up the tie of a third person against his morgagee.” Doe v. Pegge, 1 T. R. 758. note. The point as to a morgage,h^s been long established. In Lindsey v. Lindsey, Bull. N. P. 110. on an ejectmeht by a second *226 morgagee against the morgagor, the court would not suffer the latter to give in evidence the ■ title of the .first morgagee in bar of the second, because he was Barred By his own act from averring that he had nothing in the land at the time of the second mortgage. And the principle of (his decision has been repeatedly recognised, both in the English and American courts. Doe v. Pegge, 1 T. R. 758. note. Doe v. Staple, 2 T. R. 684. Lade v. Holford, 3 Burr. 1416. Newhall v. Wright, 8 Mass. Rep. 138. 153. Jackson v. Dubois, 4 Johns. Rep. 216.
Indeed, the mortgagor, notwithstanding the mortgage, is now deemed seised, and the legar owner of the land, as to all persons except the mortgagee, and those claiming under him, and he may maintain an ejectment or real action upon such seisin. Hitchcock v. Harrington, 6 Johns. R. 290. Segwick v. Hallenbach, 7 Johns. Rep. 376. Collins v. Torry, 7 Johns. Rep. 277. Willington v. Gale, 7 Mass. Rep. 138. Porter v. Millet, 9 Mass. Rep. 101. And upon the same principle, in an ejectment by the lessor against his owti lessee, the latter is not permitted toset up prtafe advantage of a defect in '.the* lessor’s title, or to show * subsisting title in--a third person to defeat the lessor's rights Driver v. Lawrence, 2 W. Bl. 1259, 2 Salk. 447. Menhall v. Wright, 3 Mass. Rep. 138. 153. Jackson v. Reynolds, 1 Caines’ Rep. 444. Jackson v. Whitford, 2 Caines’ Rep. 215. Jackson v. Vosburgh, 7 Johns. Rep. 186. Brant v. Livermore, 10 Johns. Rep. 358. So a person who enters into possession . under another, and? acknowfedged his title, eannot set up an outstanding title in a. third person. Jackson v. Stewart, 6 Johns. Rep. 34. Jackson v. De Walts, 7 Johns. Rep, 157. Jackson v. Hinman, 10 Johns. Rep. 292. Doe v. Clarke, 14 East. 488. Nor can. a person claiming tho land pndér the tenant set up an outstanding title against .the landlord. Jackson v. Graham, 3 Caines’ Rep. 188; nor against a purchaser under an execution against the landlord or the ténant. Jackson v. Graman, 3 Caines’ Rep. 188. Jackson v. Bush, 10 Johns. Rep. 223. And a person who has entered by permission of' one tenant in. common cannot after, a partition made, set up *227 wn adverse title in bar of an 'eject merit by the tenant in common, to whose share -the premises had fallen. Smith v. Burtis, 9 Johns. Rep. 174. Fisher v. Creel, 13 Johns. Rep. 116. And where a person in possession of land 'covenants with another to pay him for the land, the cavenantee is «stopped from setting up an outstanding title to bar an ejectment by his covenantor, unless he shows fraud or imposition in the agreement. Jackson v. Ayres, 14 Johns. Rep. 224. Lord Eldon has declared, that .with regard to' mortgagors and incumbrancers if they do not get in a term that is outstanding, but satisfied, in tome sense, either by taking an assignment making the trustee a party to the instrument, or taking possession of" the deed creating the term, that term-cannot be used íó protect them against any person having mesnes charges or inOumbrances. Maundrell v. Maundrell, 10 Ves. 246. 271. See Peake's Evid. 341. 3d ed. And in cases where land has-been sold by executors or administrators under á legal authority to sell, it has been settled, that strangers to the title, those who have ho estate or privity of estate or interest, and who pretend to none, affected by the sale, shall not be entitled to set up the title of the heirs, or to call'on the executor or administrator for strict proof of the regularity of all bis proceedings in the sale. Knox v. Jenks, 7 Mass. Rep. 488. And a stranger to. a mortgage is not permitted to set it up to 'defeat a legal title in thé plaintiff. Collins v. Torrey, 7 Johns. Rep. 278. Jackson v. Pratt, 10 Johns. Rep. 381.
These cases clearly show thatthe doctrine has been very •much narrowed' down. It remains to consider whether the doctrine has ever been.,established, that a mere .superior outstanding title in a third person, with whom the defendant has no privity, can be given in evidence in an ejectment, to defeat a possessory title in the plaintiff, which is superior to that of the defendant. It is manifest, that at the time when .Lord Mansfield delivered his opinion in Doe v. Pegge, (1 T. R. 758. note,) he did not consider any such doctrine as established, for he confines his opinion to the mere case of a mortgagee as against his mortgagor, although- he *228 • states, the question in the broadest terms ; and'if the de- . . , cisions had then gone the whole length,’ he’ would certainly have so stated. Nor is there ariy subsequent case in • England in which the point has been decided. The case of Doe v. Reade, 8 East. 353. tutned upon the circumstance that the defendant, being Jaw-'fully in possession, might defend 'himself upon his’ title, though twenty years had run against him before he took possession, the plaintiff' in ejectment not claiming under ■the prior adverse possession j and the case of Goodtitle v. Balwin, 11 East. 488. turned «pon the distinction, that the premises were Crown ■ lands, ■which by statute could not be granted, and that the pos,session of the plaintiff and* .defendant was to be presumed by the license of the crown.
Undoubtedly the' plaintiff ntust show that he has a good •possessory title; and, thelefore if the defendant shows that he has conveyed the land, unless, the conveyance was void by reason of a prior disseisin, the plaintiff cannot recover. Gould v. Newman, 6 Mass. Rep. 239. Wolcott v. Knight 6 Mass. Rep. 418. Everenden v. Beaumont, 7 Mass. Rep. 76. Williams v. Jackson, 5 Johns. Rep. 489. Phelps v. Sage, 2 Day's Rep. 151. So a tenant mayspow that the title of his landlord has expired. England v. Slade, 4 T. R. 682. So in an ejectment by a ccstvy que trust the tenant may setup in bis defence the legal oulstaríding title in the trustee. Doe v. Staples, 2 T. R. 684. For in all these cases the evidence shows that the plaintiff has no subsisting possessory title at law, and therefore, he ought not to be permitted to disturb the tenant’s possession. The general rule is, that possession constitutes a sufficient title against every person not having a better title ; and therefore the tenant may stand upon his mere naked possession until a better title is shown. “In sequali jure melior est" conditio possidentis ; he that hath possession of lands, though it.be by disseisin; hath a right against alimen but against him that hath right.” Doct. & Stud. 9. 3 Shep. Abr. 26. and the rule -of the civil law is the same. Non possesserio-incurnbit neqessitas probandi possessionesadsepertinere, Cod.lib. *229 4 cited 2 Bro. Adm. & Civ. Law, 371. note. And possesssion, although it be 'merely a naked possession, or acquired by wrong, as by disseisen, is also a title upon which a re- ■ covery can be had. .For as Blackstone justly observes, ‘‘in ■ the mean time, till some 1 act be done by the rightful owner to-devest the possession and assert his title, such actual possession is -printa facie evidence,of a legal title in the possession ; and it may, by length of time aud .negligence of him who hath the right, by degrees ripen into a perfect' and indefeasible title.”2 Bl. Com. 196. So Jenkins, in his -Centuries of Reports, (42.) states that the first possession without' any other title, serves in an assize for land. In Bateman v. Allen, Cro. Eliz. 437, it was held that the plaintiff was entitled to recover in ejectment where it was found by special verdict that the defendant had ' not the first pqssession, nor entered under title, but upon the plaintiff’s possession. And in Allen v. Rivington, 2 Saun. R. 111, where, upon a special •verdict in ejectment, it appeared that the plaintiff had a priority ofpossession, and no title was found for the defendant, Saunders say's, the matter in law was never argued, fgr .the' priority of possession alone gives a good title to the lessor of the plaintiff against the defendant, and all the world, excepting against the rightful owner. And in a late case, it was held, that mere prior ocr cupancy of land, however recent, gives a good title to the occupier, whereupon he may recover, as plaintiff, againsfíaíl the world, except such as can prove an older and better title in themselves. Catteris v. Cooper, 4 Taunt. 547. See also, 8 East. 353. And this doctrine has been frequently recognized in the American courts. Jackson v. Hazen, 2 Johns. Rep. 22. Jackson v. Harder, 4 Johns. Rep. 202. The last case, 4 Johns. Rep. 202. goes farther, and decides that a mere intruder upon lands shall not be permitted to protect his intrusion in a suit by the person upon whom he has intruded, by setting up an outstanding title-in a stranger.' And in Smith v. Lorillard, 10 Johns. Rep. 338. all the authorities were reviewed, and it was held that if is not necessary fpr the plaintiffjn eject‘ment to show, in every case, a possession of twenty years, or *230 a paper title ; tfiat a possession for a less period will-form a presumption of title sufficient to put the tenant upon his defence ; and that a prior possession short of twenty years, under a claim, or assertion of right, will prevail over a subsequent possession.of less than 20 years, when no other evidence of title appears on either side. -In respect to real actions, it is said by Chief Justice Parsons, that under the generalissuet he defendant cannot give in evidence a title under which he does not qlaim,unless it be to rebut the demandant’s evidence .of seisin ; but that may plead in bar a conveyance by thes demandant to a third person, under whom he does not claim ; for iftenant have no right, yet if the demandant haVe no right, he cannot, in law, draw into question the tenant’s seisin, whether acquired by right or ' by wrong, Wolcott v. Knight, 6 Mass. Rep. 418. Gould v. Mewman, 6 Mass. Rep. 239.
■ It is remarkable that in none of . the foregoing cases the point is stated to have been •ever decided upon the naked question whether a better subsisting title in a third person can1 be given in evidence by a defend ' dant who lias-no privity with that-title, to defeat a-£i£le in the plaintiff which is yet superior to thatund'er which the defendant holds the land. Blackstoneputs a case in point: “If tenant in tai.l enfeoffs A. in fee simpl® and dies, and B. disseizes A., nowi.B. will have the possession, A. the right.of fiossession, and the issue in tail the right of property.. A. tnay recover the possession against B. and after-wards the issue in tail may evict A., and unite in • himsfelf the possession, the right of possession, and also the right of property.” 2 Bl. Com. 193. Here B. is an intruder, and, therefore, comes within the'reach of-the case of Jackson v. Harder, 4 Johns. Rep. 202. But if B. had conveyed to C., . and then A.,. had brought an ejectment against .C., could the latter have set up the title of the issue in tail, with which he had no privity ' although that were a good subsisting superior title to defeat the recovery of A.? It becomes not the- annotator to express any opinion on this point ; his only object, is to bring the authorities in review before the learned reader, snj d to suggest that.it may bc> considered as subject to judicial doubt..