Peck, judge,
delivered the opinion of the Court.
The parol testimony touching the execution of the deed Hill to Bayles, was properly admitted.
The defendant’s possession alone was a good title against all but the person having the superior title, and to her it was certainly competent to show that the superior title did not rest in the plaintiff at the time of bringing this action, but in another for whom the law supposes she was holding. *21 This Court does not admit the cases referred to in Tennessee reports, — McCallister’s Lessee v. Williams, and Perryman’s Lessee v. Callison, — to be law. These cases are not in accordance with the English authorities, and are not believed to be founded in reason.[1]
They sanction a doctrine that will let in with impunity the worst of frauds, and even forgeries. Tenants in the absence of landlords having the superior title, are liable to be turned out of possession, and the landlord put to his action to be repossessed.
In this case, however, the plaintiff had shown such a title for the defendant as authorized, even according to the doctrine contained in those cases, the defendant to assail the plaintiff’s title. It is true, the judgment on which theji.fa. mentioned in the sheriff’s deed was founded is not shown, yet that objection did not lie with the plaintiff after he had produced the deed.
Then, as the plaintiff could not object to this deed passing some title to the defendant, it becomes an important inquiry how far the deed from Hill to Campbell and Bayles, though executed in 1820, will, by relation, vest the legal title in the defendant.
The sheriff’s deed .was in March, 1814, and recites a sale made in 1810. This deed must have relation to the sale; 12th Johnson’s Rep. 304; and to some .purposes even to the time of rendering the judgment. Scott conveys to the plaintiff in April, 1814; after his right had been sold and transferred by operation of law to Johnson, then the deed which comes in 1820, though made to bear date in 1809, will, by relation, take effect to pass the title to the next purchaser subsequent to Scott, who is the defendant; 4th Wheaton, 213; 12th Johnson, 201; 13th Johnston, 1st Johnston’s Cases, 90.
The amendment was properly denied. To amend at bar and change the parties after the whole case had been submitted and charge of the Court heard, is believed to be contrary to all precedent.
Believing the justice of the case with the defendant, and that a new trial could not have availed the plaintiff anything, he not having the better title, there is no error in the Court having refused it.
Upon the whole case, the merits have been attained, and though deduced from premises different from those assumed in this Court, yet the result is the same.
Judgment affirmed.
Okioixal Note. — The case of Cheek v. Evans’s Lessee was determined at Rogers-ville, in accordance with the principle settled in the first point in the case Gamer’s Lessee v. Johnston.
The record presented this case; Evans, the plaintiff below, produced a grant from the State of Tennessee to himself, and proved Cheek in possession.
*22 Cheek, in defence, introduced a grant from North Carolina, of course of elder date, to John Bristow for the same land. Bristow had departed this life, leaving heirs, before Cheek’s entry into possession.
Bristow’s widow had conveyed to Shelton, who was also dead, leaving heirs; the widow of Shelton had conveyed to Cheek, the defendant.
The circuit judge rejected the evidence, and the jury found for the plaintiff.
In argument in the Supreme Court, two points were made:—
1st. That Cheek was in possession by the consent of those having the superior title.
2d. That having shown a better outstanding title, he ought not to be disturbed in his possession.
And of that opinion was the Court,
Judgment reversed.

 Original Note. — See note to Robertson v. Campbell, 3 Wheat. Rep. 224.