Stanley *v.* Perley & als.

STANLEY *vs.* PERLEY.

The title of an attaching creditor to the land afterwards taken by extent, is not affected by any knowledge which the officer may have had of the existence of a prior conveyance of the same land, made by the debtor to another person ; even though such knowledge may have been communicated to the creditor himself, after the attachment, and before the extent.

In a writ of entry it is competent for the tenant, under the general issue, to disprove the seisin of the demandant, as alleged in the writ, by showing that his grantor had previously conveyed the title to a third person; even though the tenant does not claim under such grantee.

This was a writ of entry, sued out *Nov.* 25, 1825, in which the demandant counted on his own seisin. It was tried upon the general issue.

The land in controversy originally belonged to *Sampson Davis*, under whom both parties claimed. It was conveyed by *Davis* to the demandant, by deed dated *September* 7, 1799, and recorded *May* 3, 1800.

On the 6th of *Sept.* 1799, the land was attached by *John Chandler*, in a suit against *Davis*, in which judgment was recovered by the plaintiff, and the attachment followed up by a seasonable extent on part of the land, *July* 4, 1800. The title to this parcel was conveyed by deed of quitclaim from *Chandler* to *Amos Perley, June* 25,

47

1801; and by him, in the same manner, *April* 12, 1803, to *Nathaniel Perley*, father of the tenants, who died in *July* 1824.

On the 9th of *Sept.* 1799, another attachment of the same land was made by *Richard Coburn*, in a suit against *Davis;* in which also judgment was rendered for the plaintiff, and the attachment followed up by a seasonable extent on the residue of the land, *Jan.* 21, 1801. The title of the demandant was known to the officer, previous to the time of this extent. The attorney of *Coburn*, under a power to tend to the levy of his execution, choose an appraiser, and re seisin and possession, undertook to convey this parcel of land to *Amos Perley*, by deed of quitclaim dated *Jan.* 9, 1802; which he made and executed in his own name, in his capacity of attorney to *Coburn.* This parcel also was included in the deed from *Amos* to *Nathaniel Perley.*

On the 22d of *Oct.* 1799, the same land was attached by *Amos Perley* in a suit against *Davis;* and this attachment also, after judgment for the plaintiff, was followed by a seasonable extent, *Jan.* 21, 1801, on all the land previously taken by *Chandler* and *Coburn*, subject to the incumbrances thereby created, the full amount of which was estimated and deducted by the appraisers. The title of the demandant was known to the officer at the time of this attachment; and to the creditor, at the time of the extent.

The land demanded was a narrow strip, through which was a canal. It had never been inclosed in fence; but the demandant, about fourteen years ago, had extended the side fences of his garden, adjoining the premises, across to the canal, which thus answered the purpose of a rear fence to his garden, and included a small part of the demanded premises. This garden he afterwards sold, and his grantee succeeded him in the occupancy of the land thus included.

The canal was made by the father of the tenants in 1803, to convey water to his mill standing on the premises; and had ever since continued, with the mill, in their exclusive occupancy. The demandant, however, in 1822, inquired of a tenant under *Perley*, by what authority he occupied, stating that he claimed the premises; and in *August* 1823, he forbade one of the tenants to work on the premises, alleging his own claim; and in the autumn of the same year he en-

Stanley *v.* Perley & als.

tered the mill and demanded possession of another occupant under *Perley,* again claiming the premises as his own.

Upon this evidence, at the trial before *Weston J.* it was objected on the part of the demandant, that the extent of *Coburn's* execution was void, because the demandant's title-deed was made and delivered before the attachment, and was recorded, and also known in fact to the officer, before the extent ;—that the deed from *Coburn's* attorney to *Amos Perley,* conveyed nothing, being made without sufficient authority, and not executed in the name of the principal ;—and that nothing passed to *Amos Perley* by the extent of his execution ; because *Davis* had then nothing in the land, his supposed title being taken by the previous attachments ; and because, if not, yet the deed of the demandant was known to the officer before the attachment, and to *Perley* before the extent.

On the part of the tenants it was objected that the action was barred by the statute of limitations, the demandant having failed to prove his own seisin within twenty years. And a verdict was taken for the tenants, subject to the opinion of the court upon the evidence in the case, as above stated.

*A. Belcher,* for the demandant.

*Allen,* for the tenants.

Mellen C. J. delivered the opinion of the Court.

The title to that part of the demanded premises which is covered by *Chandler's* levy, seems clearly to have been vested in him thereby ; because in his suit he caused the land to be attached on the *sixth* day of *September,* 1799, and having recovered judgment against *Davis,* he caused his execution to be levied within thirty days after judgment, and to be seasonably recorded ; and the title from *Chandler* has been regularly deduced to *Nathaniel Perley;* and the tenants are his heirs at law. But the title of the demandant is under the deed of *Davis,* bearing date *September* 7, 1799, one day later than *Chandler's* attachment, whose title to the land, on which he extended his execution, has relation back to *September* 6. Thus the tenant's

title is good, as to this part of the premises demanded. As to the residue of the premises, it is equally clear that the tenants have no title in themselves; because, though *Coburn* regularly extended his execution on the same, and caused it to be seasonably recorded, and thereby legally obtained *Davis's* title to the same; still, an inspection of the power of attorney from *Coburn*, clearly shews that his attorney had no kind of authority to make the conveyance to *Amos Perley;* and of course the title to such residue now remains in *Coburn.* The case is in no degree altered by the attachment and levy of *Amos Perley* on the land, as the estate of *Davis*; who then did not own it. As we have just said, it was then the property of *Coburn.*

But there is another ground of defence to be examined. The writ in this case bears date *November* 25, 1825; and the demandant declares on his seisin of the premises in question, within twenty years next before that time. It is competent for the tenants, under the general issue, to disprove this allegation of seisin within that period; though if the demandant had proved it as alleged, it would not be competent for them, on such issue, to prove that he had, since such seisin, conveyed the title to a third person, unless they held under such person; and in the present case, the tenants do not hold under *Coburn.* *Wolcott v. Knight,* 6 *Mass.* 418.

Does the evidence on the part of the tenants, disprove the alleged seisin of the demandant within twenty years; that is, that he has never been seised since *November* 25, 1805? On this point, the facts are these: The demandant's deed from *Davis,* though dated *September* 7, 1799, was not registered till *May* 3, 1800. Now it appears that prior to that day, viz. *September* 9, 1799, *Coburn* made his attachment, and followed it up by a levy on the land, *January* 21, 1801, which was within thirty days after his judgment; and the execution and return were seasonably recorded, as has been before stated; and his title is good, by relation, from the day of attachment. Thus it appears that no title passed by *Davis's* deed to the demandant; but, on the contrary, *Coburn,* in January 1801, became the owner and actually was seised of the residue under his levy; and we have no proof that since that time the demandant has ever had any

Stanley *v.* Perley & als.

exclusive and adversary possession under his deed. It is true, that in 1822 and 1823, the demandant claimed to own the land demanded, and once entered the mill standing thereon, and demanded possession ; but he never obtained it ; nor had he then any right of entry.

There is no proof that *Coburn,* at the time of his attachment, had any knowledge of the existence of the demandant's deed from *Davis.* The uncommunicated knowledge of the officer, even if it had existed at the time of the attachment, would not alter the case ; but it is not pretended that he knew of the deed at that time. The very object of an attachment is to bind the property attached. It is the incipient step towards acquiring a title ; and if this step be fairly taken, and without notice of any existing conveyance from the debtor, it may be lawfully followed by a levy within thirty days after the rendition of judgment, and the title be thus perfected ; though at the time of the levy, the creditor may have such notice.

There are some minor questions presented by the report ; but according to the view which we have taken of the cause, it is of no importance to examine them. We see no ground on which the motion for a new trial can be sustained ; and therefore there must be

*Judgment on the verdict*