Mr. Chief Justice Sharkey
delivered the opinion of the court. This was an action of ejectment for a lot in the town of Monticello. On the trial the defendant below, rvho is plaintiff in this court, requested the court to instruct the jury; 1. That if they believed, from the testimony, that Ellis was in possession of the lot in question, claiming the same under claim and color of title, at the time that Turner purchased from Collins, they must find for the defendant. 2. That buying and selling of lands out of the possession of the vendor, and held adversely, is buying and selling a pretended title. 3. Adverse possession need not be under full and perfect right; it is only necessary that it should be under claim and color of title. 4. A person out of possession, conveying land to a stranger, the conveyance is void when the land is held adversely; and 5. A person selling is presumed to know the situation of the land, as regards adverse possession. These charges were refused.
The charges seem to have been embodied in the form of a bill of exceptions, but it is not signed as such. They were probably put down in that form by the clerk, in compliance with the statute, and perhaps the statute was substantially complied with. This, however, is not very material, since a bill of exceptions was taken to the decision of the court, in overruling a motion for a new trial, which sets out the evidence. The state of facts shows the propriety of the charges asked. Both parties derived title from the same source. That under which plaintiff below claims, was anterior in date, but there is an alleged irregularity in the acknowledgment, which is entitled to much weight. It was moved to exclude the certificate, but the motion was refused. The plaintiff had never been in possession, and when he pur *431 chased, the defendant was in possession, under a title in all respects regular, except that it was junior to that of the plaintiff’s vendor; and may be better if the acknowledgment was irregular, and defendant purchased without notice. Thus the same question is raised on the motion for a new trial.
It is a principle of the common law, that a party out of possession of real estate, which is held adversely by another, under a title, though it be imperfect, cannot sell so as to pass a good title to his vendor. 4 Kent, 446; Jackson v. Brinkerhoff, 3 Johns. Cas. 101; 2 Thomas’s Coke, 456, note; Jackson v. Demont, 9 Johns. Rep. 55; 6 Mass. Rep. 418; 7 Ib. 76.
We cannot say that the policy on which this principle is founded, is so far changed as to justify us in declaring it obsolete. On the contrary, there may still be good policy in holding on to the principle.
Judgment reversed, and cause remanded.