TRUSTEES OF PUTNAM FREE SCHOOL *versus* LEONARD FISHER.

Upon a plea of disclaimer in a real action, if the tenant, at the commencement of the suit, was in possession of *any part* of the land disclaimed, the demandant must be the prevailing party.

Under R. S. chap. 91, § 1, the title of a grantor to land will pass, though he may be disseized at the time of his conveyance.

Title in a third person cannot be proved under a plea of disclaimer.

A judgment, to which a person was not a party or privy, cannot be introduced as evidence against him.

By an entry into land and a visible possession of a part of it, by one claiming title under a registered deed, the true owner is constructively disseized of the whole tract described in the deed.

But such constructive disseizin would not extend to any part of the land, of which some other person was, at the time, seized and possessed.

There cannot be two distinct and independent seizins of the same land at the same time.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J. presiding.

WRIT OF ENTRY. — The subject matter will be explained by the diagram.

The action is brought to recover the *North* half of lot No. 7. The tenant defended, except as to the pieces A and B, which he disclaimed. A is separated from the residue of said North half by a stone fence, indicated by the single dotted line; B is separated from the residue of said North half by a road, indicated by the double dotted line.

The questions for consideration arise in relation to A and B.

One Gardiner owned the *South* half of lot No. 7.

One David Fisher had an occupancy upon lot No. 7 forty years ago. He conveyed the Southern part to Gardiner, and they built for their dividing line a fence or stone wall at the single dotted line, and the evidence tended to show that their respective occupations have conformed to that line, and there was no proof that the defendant, or those under whom he claimed, had any actual occupation South of that line.

David Fisher afterwards mortgaged the *North half* of No. 7. Through successive conveyances, the tenant became assignee of the mortgage, and also of the right of redemption.

As to the disclaimed piece, A, the Judge instructed the jury *that* the demandants could not recover, unless the tenant, or those under whom he claimed, had been in the actual possession of that piece; and *that* the deeds, under which the tenant claimed, and the possession of the defended premises, were not evidence of a constructive disseizin of that piece. To that instruction, the demandants excepted.

Concerning the disclaimed piece, B, the tenant called David Blanchard, who testified that, in 1824, David Fisher abandoned to him the possession of piece B; and that he, Blanchard, held it in subserviency to the demandants' title until April, 1843, when they conveyed the piece to him; *that* the tenant took possession of that piece and built a fence around it, and occupied it as a pasture; this occupation, as the witness thought, was from the fall of 1843 to the fall of 1847, and not after.

The tenant offered in evidence the writ, pleadings and judgment in an action between Blanchard, as plaintiff, against this tenant. That action was commenced in July, 1846, for a tres-

pass alleged to have been committed on the piece B, and a judgment was obtained in favor of Blanchard.

The introduction of those documents was objected to by the demandants, but the objection was overruled, and the papers were admitted. The Judge instructed the jury, that that action was founded upon Blanchard's possession, and could not have been maintained, except upon proof that the defendant had disturbed that possession ; and, as the action was maintained, the possession of Blanchard must have been established.

The demandants excepted.

The tenant introduced several depositions. The demandants objected to so much of them as stated any declarations of David Fisher, as to the title or occupancy of the demanded premises. The objection was overruled, and the declarations were allowed to be read, but for the sole purpose of showing the nature of the tenant's claim.

To the admission of the declarations, the demandants excepted.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

WELLS, J. — The demandants claimed the Northern half of lot No. 7, in the fourth range of lots in the town of Charlotte. The general issue was pleaded as to a part of the demanded premises, and a disclaimer as to the residue, which consisted of two portions of the premises lying on the East and West sides.

Under the issue arising upon the disclaimer, if the tenant had been in possession of any part, which was disclaimed, at the time of the commencement of the action, by statute, chap. 145, § 9, the demandant would have been the prevailing party. For it would then have appeared that the tenant did claim and hold the part disclaimed, and his plea would have been falsified. Stearns on Real Actions, 470.

The part disclaimed on the West side of the lot, was on the West side of a road running through the premises. The tenant called David Blanchard as a witness, who testified,

" that in 1824, David Fisher abandoned to him the pos-
session of all that part of the lot West of the road, and he
held in submission to the demandants' title until he took a
deed from them in April, 1843 ; that the tenant took posses-
sion of this piece and built a fence around and occupied it
as a pasture ; thought it was in fall of 1843, he took posses-
sion and occupied until the fall of 1847, and not after that."
The deed from the demandants to David Blanchard, dated
April 28, 1843, and conveying this part disclaimed, is made
a part of the case.   The testimony of Blanchard and the deed
were introduced in evidence without any objection.   This
evidence did show, that the tenant was in possession when
the action was commenced in January, 1847, but it also
showed, that it was no invasion of the possession of the de-
mandants, and that they had no right  whatever to this part
of the premises.   The conveyance from the demandants to
Blanchard might have been pleaded in bar, for if the de-
mandants had no right, they could not draw in question the
tenant's seizin or possession.   *Gould* v. *Newman,* 6 Mass.
239 ;  *Walcott* v. *Knight,* 6 Mass. 418.   As Blanchard, at the
time he took his deed was the tenant of the demandants and
held in submission to their title, and there being no disseizin,
the deed was operative and effectual to convey their title ac-
cording to the principles of the common law ; and by our
statute, chap. 91, § 1, the title of the grantor will pass
although he may be disseized at the time of his conveyance.

But this defence was not admissible under the disclaimer, it
rests altogether upon a different ground, and the fact, that the
title was not in the demandants, although a good defence
under an appropriate plea, was irrelevant to the issue upon the
disclaimer.

In connection with Blanchard's testimony the tenant intro-
duced the writ, pleadings and judgment in an action entered
in this Court between Blanchard and the present tenant.  It
was commenced in July, 1846, for trespass alleged to have
been committed on the land disclaimed, and which was on
the West side of the lot, and judgment was rendered in favor

of Blanchard.    The demandants were not a party or privy
to this judgment, and they objected to the admission of this
evidence.

The judgment was not received in evidence as a mere fact,
but, as appears from the instructions given by the Court to the
jury, as evidence of the facts upon which it was founded, and
for the purpose of proving them.    The demandants had no
opportunity to be heard in relation to the facts upon the sup-
posed existence of which the judgment was founded, and it
was therefore inadmissible.    1 Stark. on Ev. 252; *Hammatt*
v. *Russ*, 16 Maine, 171.    The tenant was at liberty to show
that he was not in possession, but that Blanchard was and
sought to recover damages against the tenant by an action for
disturbing the possession.    Such acts as indicated his posses-
sion and claim to it, would be admissible, but the judgment
could not be used as an instrument of proof, in relation to
the facts by which it was established, against a stranger to it.

An objection was made to parts of several depositions, in
which the deponents state the declarations of David Fisher
in relation to the nature of his possession and seizin of the
demanded premises.    It is contended that it does not appear
that those declarations were made while he was in possession
of the land.    And it may be that the depositions are justly
liable to this objection.    But the objection made at the trial
was of a general nature and did not point out specifically the
illegality in the testimony.    This exception could not prevail,
but as there must be a new trial for the admission of the evi-
dence before mentioned, depositions can be taken in such
manner as to be free from any well founded objection.

It is also contended, that the jury were not properly in-
structed in relation to the other piece disclaimed lying on
the East side of the lot.    There was a stone fence running
diagonally across the lot, and this piece was on the South
side of the stone fence.    There was no evidence that the
tenant, or those under whom he claimed, ever occupied
South of this fence.    Jacob D. Gardiner owned the South
half of lot No. 7, and the evidence tended to show that the

Fisher and Gardiner lots had been occupied by the tenants for thirty years by a line fence as now existing. The occupation of the respective tenants had been in accordance with the fence where the stone wall is placed.

The jury were instructed, that the demandants could not recover this piece disclaimed, unless they should be satisfied that the tenant, or those under whom he claimed, had been in the actual possession of this piece, that the deeds and possession of the defended premises were not any evidence of a constructive disseizin of the piece disclaimed.

The true inquiry under the issue of disclaimer was, whether the tenant was in possession at the commencement of the action. If he entered under a deed recorded, claiming title to the land and had a visible possession of a part of it, such entry and possession would be a disseizin of the true owner of the whole tract described in his deed. *Kennebec Purchase v. Laboree,* 2 Greenl. 275. And in contemplation of law, he would have possession of the whole parcel, and it would be as effectual as an actual possession. Unless such effect should be given to a constructive disseizin, the owner might lose his land by a limitation founded upon it, or be liable to pay a bill of costs in consequence of a disclaimer, if he should commence an action to recover the land. It cannot be considered a possession for the tenant, which may ripen into a title, and not one when he desires to escape from the effect of an action. It must retain the same essential character in relation to both parties to the suit, and whether used for one purpose or another. But if Gardiner was in possession, and had the seizin in fact of the piece disclaimed, that would entirely defeat the constructive seizin of the tenant, although the land was described in his deed. Both the tenant and Gardiner could not have several and independent seizins of the same land at the same time. It is not contended, that there was a joint seizin. Gardiner, if in possession and claiming the land as his own, was the tenant in fact of the freehold, and if not rightfully so he was liable to an action by the lawful owner, and such action would have been barred by a

continuance of the seizin for the time limited in the statute. Whatever constructive seizin the tenant might have, as indicated by his deeds, of the piece disclaimed, if they embraced this parcel, it was entirely taken away by the actual seizin of Gardiner according to the facts stated in the exceptions. Such would be the effect of the continued seizin by Gardiner or of those claiming under him. What would be a correct view, if the question in relation to this piece had arisen under the general issue, it is unnecessary to inquire. It is presented in reference to the issue arising under the disclaimer only.

*The exceptions are sustained.*

*Granger* and *Dyer,* for the demandants.

*Fuller,* for the tenant.