JONATHAN W. PEELE *vs.* LYDIA D. CHEVER.

If one in possession of land as a disseisor has died insolvent before his adverse possession had continued for twenty years, the purchaser of the land at a sale by his administrator for the payment of debts will be entitled to hold it against his devisee, who has entered under the devise and continued in possession until the expiration of twenty years from the original disseisin, although such license and sale were after the expiration of the twenty years.

WRIT OF ENTRY to recover possession of a small lot of land with a dwelling-house thereon.

The following facts were agreed in the superior court: Willard Peele died in 1835, owning the premises, and the same were set off to his widow as her dower, which was the only title she had thereto. On the 1st of December 1837 she executed a deed of the premises to James W. Chever, the tenant's husband. Mrs. Peele died on the 4th of May 1838. Chever took possession of the estate immediately upon receiving his deed, and held the same as a disseisor from the death of Mrs. Peele until his own death, which occurred on the 2d of May 1857; and in his will he devised all his estate to his wife, who since his death has held the premises in the same manner that he held them. Chever died insolvent, and his administrator with the will annexed, under license of the probate court granted in July 1861, sold the premises to the demandant, who is one of the surviving children of Willard Peele.

Upon these facts judgment was rendered for the tenant, and the demandant appealed to this court.

*G. Wheatland*, for the demandant, cited Gen. Sts. c. 102, § 11; *Ward* v. *Fuller*, 15 Pick. 185.

*J. C. Perkins*, for the tenant. At Chever's death, he was not the true owner of the estate. He had only a possessory title. The tenant came into possession under a devise from him, which created a privity between them, and enabled her to tack her possession to his, and thus on the 4th of May 1858 to obtain a perfect title. See 2 Washburn on Real Prop. 487, 490, 492, 493, and cases cited. *Sawyer* v. *Kendall,* 10 Cush. 245. *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 32. A subsequent sale of his possessory title could not defeat her title thus obtained. A purchaser from an administrator of one who holds only by adverse possession can obtain no advantage of that adverse possession, in reference to the statute of limitations, because there must be a period between the death of the disseisor and the sale by his administrator during which a privity of possession will not exist. If neither heirs nor devisees enter, the possession will be vacant, or restored to the disseisee; if

they do enter, they hold for themselves, and there is no privity between them and the subsequent purchaser. In the present case, the tenant perfected the title in herself as the last disseisor. *Stephens* v. *Leach*, 19 Penn. State R. 262. *Parker* v. *Southwick*, 6 Watts, 377. *Armstrong* v. *Risteau*, 5 Maryland, 275. 2 Smith's Lead. Cas. (5th Amer. ed.) 563. The privity of a devisee is the same as that of an heir; *Newcomb* v. *Stebbins*, 9 Met. 545 ; and by reason of it her possession, when tacked, makes her title perfect. *School District in Winthrop* v. *Benson*, 31 Maine, 381. *Cook* v. *Babcock*, 11 Cush. 206. *Stearns* v. *Hendersass*, 9 Cush. 497. *Piper* v. *Richardson*, 9 Met. 158. Whatever interest the devisor had came to her by the will. The administrator had no title ; he had a mere power to sell. By omitting to exercise this power, he left her in a condition to perfect her title. See *Boynton* v. *Peterborough & Shirley Railroad*, 4 Cush. 467 ; *Smith* v. *Bryan*, 12 Ired. L. (N. C.) 11. It is easily demonstrated that the tenant has a better title than the demandant. The title of Peele's heirs was better than that of Chever, at the time of the latter's death. But the tenant has succeeded in supplanting these heirs, and holds a title not only superior to theirs, but their very title, or at least one which they cannot controvert. And the demandant has only the title which Chever had.

CHAPMAN, J. The demandant claims title under James W. Chever, deceased, who entered upon the premises on the 1st of December 1837, under a deed of warranty from the widow of Willard Peele, and continued in undisturbed possession till his decease, which occurred on the 2d of May 1857. Chever's estate proved to be insolvent, and the land in question was sold by his administrator to the demandant, under a license of the probate court, for payment of his debts. He had devised the land to the tenant, who is his widow, and she entered under the devise and has continued in possession. Upon these facts the demandant is entitled to recover, inasmuch as the title of a devisee is divested by an executory sale, under the license of the probate court, for the payment of debts.

But the tenant's defence rests on other facts. She alleges that

the title of her husband was defective, and that she has perfected it since his decease, and is therefore entitled to hold the land against the demandant. On this point it is agreed that Willard Peele owned the land at the time of his decease; that he died leaving children and grandchildren; that the land was set off to his widow as her dower, and that when she conveyed it to James W. Chever in 1837 she had no other title. She died in May 1838, so that twenty years had not quite elapsed from the time of her death to that of Chever's. Apparently, therefore, the heirs of Willard Peele might at any time during Chever's life, and for nearly a year after his death, have recovered the land by virtue of their better title. And when the time of limitation was completed, the tenant was in possession as devisee, and so she says the title by disseisin was perfected by her and is in her.

But the obvious answer to this defence is, that the title of James W. Chever was good against all the world except the heirs of Willard Peele and those claiming under them, and, as the tenant does not claim under them, that title is good against her. A tenant in a writ of entry cannot set up an outstanding title in strangers, with whom he has no privity, and under whom he does not claim, except for the mere purpose of rebutting the demandant's evidence of seisin. *Hunt* v. *Hunt*, 3 Met. 175. *Sparhawk* v. *Bullard*, 1 Met. 95. *Wolcot* v. *Knight*, 6 Mass. 418. But in this case James W. Chever was seised of the premises from the time of his purchase, and died seised; and the heirs of Willard Peele have never been seised. Neither they nor any one claiming under them have ever set up any title to the land. They have never authorized the tenant to set up their title, or to make any use of it; and the law gives her no such authority. This case must therefore be decided as if their title had never existed. Indeed the conclusive presumption of law now is, that James W. Chever had a valid conveyance of the land from the heirs of Peele, and that his seisin was under it. As soon as this presumption arose, it made the whole title valid If the tenant desired to avail herself of the title of Peele's heirs, so as to protect herself against her husband's creditors by

means of it, she should have obtained a conveyance of it before the time of limitation expired, and then this presumption would never have arisen. But she is in possession in actual privity with the title of her husband, and with no other title; and the question between her and the demandant is merely which of them holds that title. *Judgment for the demandant.*