GEORGE R. HEWES vs. STATIRA COOMBS.

Waldo. Opinion March 31, 1892.

*Real Action. Disseizin. R. S., c. 104, § § 2, 4.*

In a writ of entry tried upon the plea of *nul disseizin*, the plaintiff must prove that he was seized within twenty years before the bringing of his writ.

Under that plea, the defendant cannot defeat the action by showing title in a stranger under whom he does not show title in himself, unless such title proves that the plaintiff was not seized within twenty years. *It was held, accordingly*, that if the plaintiff claims under a deed received from the owner more than twenty years before he brought his writ, any evidence, that shows that he parted with that title to anybody before the twenty years began to run, will defeat the action.

ON REPORT.

This was a real action to recover possession of one eighth of the land described in the writ, and which the plaintiff claimed as heir of Charles W. Hewes, late of Islesborough, deceased. Writ dated April 1, 1870. Plea, general issue with brief statement in which the defendant alleged that she, and those under whom she claimed, had been in actual possession for more than forty years of the demanded premises, claiming to hold them by adverse, open, peaceable, notorious and exclusive possession in their own right.

Plaintiff introduced in evidence a quitclaim deed from Jairus Coombs, husband of the defendant, to Charles W. Hewes, dated April 14, 1846, and proved that he was heir of Hewes, deceased.

The defendant introduced evidence which showed that her husband had resided upon the premises, his homestead in Islesborough, from his birth until his death in 1882, a period of seventy years; that April 14, 1846, he conveyed the same to his nephew Charles W. Hewes, then just of age and without property or means, who left his home in October following and never returned. The conveyance made without consideration, and intended only for safe keeping in view of apprehended difficulty produced no change in the occupation. The grantor, Coombs, continued to pay the taxes and to make improvements, &c., and his heirs have done the same since his decease. Among the improvements made were repairing and rebuilding the house and planting an orchard.

*J. H. and C. O. Montgomery*, for plaintiff.

Possession, after deed given by Coombs, does not ripen into title, however long continued. Grantor is presumed to be tenant of his grantee. *Sherburne* v. *Jones*, 20 Maine, 70; *Currier* v. *Earl*, 13 *Id.* 216; *Larrabee* v. *Lumbert*, 34 *Id.* 79. Family's possession after death of grantor is only a continuance of his possession under permission of grantee. *Page* v. *McGlinch*, 63 Maine, 472. Possession must be surrendered before defendant can commence to hold adversely. *Brannon* v. *Brandon*, 75 Am. Dec. 655; *Longfellow* v. *Longfellow*, 61 Maine, 590.

*J. Williamson*, for defendant.

HASKELL, J. Writ of Entry. Plea, *nul disseizin*. Plaintiff must recover upon the strength of his own title; not upon the weakness of defendant's. *Chaplin* v. *Barker*, 53 Maine, 275. He must show seizin and right of entry within twenty years before the date of his writ. R. S., c. 104, § § 2, 4. When that is shown, plaintiff may recover, unless defendant shows a better title in herself, not in another, under whom she does not claim. Title in another may be shown to rebut plaintiff's seizin within twenty years. A deed from the plaintiff to a stranger, within that time, under whom the defendant does not claim, would not do it; but a deed from the plaintiff to such stranger more than twenty years prior to his writ would do it; because, having parted with his title before the twenty years began to run, he would not have been seized within the twenty years, a prerequisite, under the statute, for the maintenance of a writ of entry against anybody, even a trespasser in possession, without any pretense of title. *Walcott* v. *Knight*, 6 Mass. 418; *Shapleigh* v. *Pillsbury*, 1 Maine, 290; *Stanley* v. *Perley*, 5 Maine, 369; *Bussey* v. *Grant*, 20 Maine, 281; *Wyman* v. *Brown*, 50 Maine, 144; *Morse* v. *Sleeper*, 58 Maine, 335–6.

The plaintiff claims as heir of the grantee in a quitclaim deed, given in 1846, by defendant's husband, who then owned the property, a small farm on which he lived. That husband did not surrender the possession, but retained it from that day until his death, in 1882, almost forty years. After giving the deed,

he was presumed to retain his possession as tenant of the grantee; but that presumption may be rebutted. It may be shown that he did not so retain it. It may be shown, and we think it is sufficiently shown to rebut the contrary presumption, that he immediately repudiated his deed and became a disseizor of the plaintiff, and thereafterwards held the land openly, exclusively and adversely, until he died. Such disseizin, by arbitrary rules of law, continued for twenty years, worked a seizin, that is, a title; and, if that title became complete more than twenty years before the plaintiff brought his writ, it rebutted the plaintiff's seizin within twenty years, the same as a deed would have done. The twenty years began to run in 1870. The deed was given in 1846, twenty-four years earlier. The plaintiff's ancestor, after he took the deed, never claimed the land. He soon departed from the neighborhood and never returned. Defendant's husband lived there and paid taxes and treated the property as his own until he died. His conduct was inconsistent with a submission to title in another. Possession has been retained by him and his family for more than forty years.

After a careful consideration of the evidence, and the inferences to be drawn from it, the court considers that defendant's husband's presumed submission to the title of his grantee is rebutted; and that the husband acquired title by disseizin to the land more than twenty years before plaintiff brought his writ, whereby his proof of seizin, within twenty years, is destroyed, and his action defeated, although the defendant may not have shown any title in herself. Her right, if any, is the inchoate right to dower, yet unassigned.     *Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.