### *Broome* v. *Beardsley.*

COVENANT on a sealed note, with a plea of *non infregit conventionem.*

At the trial, after the jury were called, and placed in the jury-box, the defendant tendered a plea duly verified by affidavit, that he had *puis darrein continuance*, under the act for giving relief in cases of insolvency, obtained his discharge, an exemplified copy of which he produced. This being rejected as coming too late, he then offered in evidence, the discharge itself, as a bar to the plaintiff's right of recovery. Against the reception of the testimony, it was insisted, that it was not admissible under the issue joined, nor without having been specially pleaded, or notice given. The points being reserved, a verdict was taken subject to the opinion of the court, whether it should stand or a new trial be granted.

*Woodworth* for the plaintiff.

*Root*, contra.

*Per Curiam*, delivered by SPENCER, J. The case of *Paris* v. *Salkeld*, is decisive that a plea *puis darrein continuance* is matter of right; and, if verified

Aug. Term,  by affidavit, the judge at *nisi prius* has no discretion
    1805.   to accept it or not, but is bound to admit it.

There is no *dictum* to be met with that the plea
was too late.     In the case of *Pearson* v. *Parkins*, cit-
ed in *Buller's Nisi Prius*, 310. it was holden that it
might be pleaded after the jury are gone from the
bar, but not after they have given their verdict.  The
facts to warrant this plea, must have happened since
the last, and before the next continuance.   The last
continuance is the return day of the *venire facias*,
where the proceedings are in the ancient method;
the next continuance is the first day in bank thereaf-
ter, or the first day of the succeeding term.   Con-
tinuances are from term to term.   We are all of
opinion that the plea was well pleaded and ought to
have been received.   The verdict must, therefore,
be set aside without costs, and the plea tendered be
filed *nunc pro tunc*, and be deemed parcel of the *nisi
prius* record.