Parsons, C. J
The issue in law before us is on the sufficiency *66 of the replication; and we are all satisfied that the replication is no sufficient answer to the bar.
It appears from the allegations of the demandants, that they were never seised in fact of the premises, but only of the right, as Bussey, on the death of their father, abated them. But this right could not pass by their conveyance to Dunbar, because the law will not permit any person to sell a quarrel, (a) The deed, therefore, executed to Dunbar being void as a conveyance, it was competent for the demandants to release to Beaumont, he being actually seised of the freehold, either by right or by wrong; for the demandants have sued him as tenant of the freehold. But their release l * 78 ] will * operate to pass the right to the tenant in possession; and the right on which the action was founded having passed, the action can no further be maintained.
But it was said, in the argument, that the replication discloses facts confessed by the demurrer, which avoid the release as a fraud on Dunbar, for whose use the action is sued. If the release is shown to be fraudulent, it will have no legal operation in favor of the tenant, a party to the fraud. The facts thus disclosed are the prior deed executed to Dunbar, the suing the action for his use, and the knowledge thereof by Beaumont. Now, this knowledge of Beaumont can have no tendency to give any legal effect to the deed to Dunbar, the demandants’ right still remaining, not conveyed nor extinguished ; for the deed being void, as a conveyance, no collateral transaction whatever, under any circumstances, can give it any operation to pass the right. The demandants thus having a right which could pass by release to Beaumont, might regularly pass it, and were not estopped by any principle or maxim of law. The knowledge of Beaumont of the deed to Dunbar, as it cannot, on the one hand, give validity to that deed, so neither on the other hand can it defeat the release to himself.
The transaction between the demandants and Dunbar was pro hibited by law, (1) and their mistakes, or ignorance of the law, can not avail him. Indeed, the buying up of titles by a stranger, when the grantor is not seised, is an offence at law; and it was a lawful act in Beaumont, who was in fact seised, to protect his title, by purchasing the release of the right in the demandants, notwithstanding his knowledge that an illegal attempt had been made to obtain that right by a conveyance. For it would be an unreasonable imputation upon the law, to charge it with avoiding a release, in order indirectly to give any effect to an illegal act.
*67 The allegation, that the demandants, in selling to Dunbar, and this latter in purchasing, supposed and believed that they were acting lawfully, if it be true, can have no legal effect; nor if it be untrue, can it, from the nature of it, be traversed and put in issue.
*Let an entry be made, that it appears to the Court [ * 79 ] that the replication is bad and insufficient in law.

 [Swett & Al. vs. Poor & Al., 11 Mass. Rep. 549. — Brinley vs. Whitney, 5 Pick 348.— Wolcott & Al. vs. Knight & Al. 6 Mass. Rep. 418.—Ed.]

 1 Hawk. P. C. c. 86.