## WISHEART *v.* LEGRO & McDUFFEE.

Matters within the discretion of an inferior court are not subject to revision by the court above, unless transferred to the higher court for their determination.

A general release given after the commencement of a suit need not be pleaded *puis darrein continuance*, unless a plea has been before filed in the action ; nor need it be pleaded in bar of the further maintenance of the suit, but may be pleaded in bar generally.

Under the act to abolish special pleading, a general release and settlement of an action need not be pleaded specially, but may be set forth in a brief statement.

Where the defendant pleaded the general issue, and filed therewith a brief statement, setting forth a general release and settlement of the action since the last continuance, it appeared that no plea had been prevously filed — *Held,* that, under the statute, the defence might be set forth in a brief statement.

TRESPASS. The writ contained three counts. The first count charged that the defendants, on the 19th day of August, 1854, at Rochester, in said county, took and carried away certain articles of personal property belonging to the plaintiff, and converted the same, &c.

The second count charged that the defendants, on same day, broke and entered the plaintiff's dwelling-house, in Rochester, and took and carried away certain other goods and chattels of the plaintiff, and converted the same, &c.

The third count charged that the defendants, on same day, at Rochester, assaulted one Catharine Wisheart, wife of the

plaintiff, and beat, bruised, &c., the said Catharine, so that she became sick, lame, and disordered, and so continued for a long time, &c., whereby the plaintiff lost the society and assistance of his said wife, and was obliged to expend a large sum of money, to wit, $20.00, in necessary care, nursing, &c.

The action was entered at the January term, 1855, and the defendants at that time obtained a rule to plead by the 1st of June, 1855. But at the August term, 1855, the defendants moved for leave to file their plea ; and inasmuch as it appeared that the plaintiff had not put his writ on file, or furnished it to the defendants till after said first of June, the defendants' motion was granted.

The defendants pleaded the general issue, with two brief statements ; the first in justification, setting forth that the said Legro, as deputy sheriff, and the said McDuffee, as his servant, took the property on writs of attachment against the plaintiff, as they lawfully might, and used no more force than was necessary to prevent the said Catharine from taking said property, so taken by them from their possession, &c.

The second brief statement was as follows : " And the said Daniel McDuffee and the said John Legro make a further brief statement of their defence to the whole of said plaintiff's writ, as follows :

" That since the last term of this court, to wit, on the eighteenth day of August, A. D. 1855, the said James Wisheart, for a valuable consideration to him paid, released and discharged the said McDuffee and the said Legro, and each of them, from this action, and from all the causes of action set forth in the plaintiff's writ, and that the plaintiff's said action, and supposed causes of action, have been settled and fully adjusted, and the plaintiff has received all the damages and costs to which he is in law or equity entitled, and discharged the defendants from the same."

The plaintiff objected that the second brief statement should not be admitted, on the ground that the matters therein set forth were not properly stated in this form, but that they should be pleaded specially.

The court overruled the objection, and decided that the matters set forth in the brief statement were properly stated in their present form, and the statement was admitted. To which ruling the plaintiff excepted; and it was ordered that the questions arising upon the rulings be transferred to this court for determination.

*Wheeler*, for the plaintiff.

*Sanborn*, *Wells*, and *Burleigh*, for the defendants.

EASTMAN, J. All special pleas are required to be filed with the clerk of the court, or delivered to the plaintiff's attorney, within ninety days from the commencement of the term when the action is entered; otherwise the cause will be tried on the general issue. Rules of Court 7. But either party may by motion obtain a rule on the other to plead, reply, &c., within a given time, to be prescribed by the court; and if the party so required neglect to file his pleadings at the time, all his prior pleadings will be stricken out and judgment entered upon a nonsuit or default, as the case may require; *unless the court, for good cause shown, enlarge the rule.* Rules of Court 8.

The rule relating to the filing of special pleas applies to brief statements filed in pursuance of the statute, which for all purposes is under similar regulations as special pleas. *Rangley* v. *Webster*, 11 N. H. 299; Rules of Court 10.

Under these rules it was within the discretion of the court to receive the plea and brief statements at the time they did, if they were not objectionable upon other grounds. The action was entered at the January term, 1855, and the defendants obtained leave to plead by the first of June. It is true that this was an enlargement of the ordinary time of ninety days, and the plea was not filed at the time specified. The court, however, in their discretion, for reasons appearing to them sufficient, received the plea and brief statements at the succeeding term.

The common pleas having thus exercised their discretion, this

court will not interfere with the decision; for it is well settled that matters within the discretion of an inferior court are not subject to revision by the court above, unless transferred to the higher court for their determination. *Sanford Manufacturing Company* v. *Wiggin*, 14 N. H. 441; *Foss* v. *Strafford*, 5 Foster 78; *Claggett* v. *Simes*, ditto 402; *Roberts* v. *Rochester*, 9 ditto 360; *Jenkins* v. *Brown*, 21 Wendell 454; *Feneley* v. *Mahoney*, 21 Pick. 212; *Clapp* v. *Hanson*, 3 Shepl. 345.

We have made these suggestions upon the assumption that the presiding judge of the court below did not transfer to us this question; and so we understand the case. He states simply his decision, and the exception taken thereto. But even if he had transferred the question, we think we should have arrived at the same conclusion to which he did. The defendants could not plead without the writ; at least they were entitled to it in drawing their plea. The writ was not on file, and the court were not in session, so that the defendants could obtain it by a rule upon the plaintiff; and it was not delivered to the defendants' counsel till after the time within which they were to plead. These were sufficient reasons for receiving the plea and brief statements when the court assembled; and such, we think, has been the ruling generally, if not uniformly in this State. The rule to plead by a specified day is not enforced, unless the writ is placed on file or delivered to the defendant's counsel.

But the rules in regard to special pleas generally do not apply to pleas in abatement, strictly so called. Pleas in abatement must be delivered to the counsel of the adverse party, or filed with the clerk, and notice thereof put upon the docket within the first four days of the term. Rules of Court 9. The time extends through the entire fourth day, except when the term of the court closes before that time. *Colley* v. *Knapp*, 13 N. H. 175. But not beyond the fourth day, without special order of the court; and if a party wishes to plead in abatement, and the writ is not on file, he should move at once to put it on file. It must be more than an ordinary case to induce the court to extend the time beyond the fourth day, to receive a plea in abatement.

Looking at these brief statements, we find that one sets forth a justification of the acts complained of; and that the other is a general release and discharge of the action since the last continuance, and sets forth that the damages and costs have all been paid.

So far as they are excepted to as being out of time, we have seen that they were receivable. The first one also was not objectionable as a brief statement, under the act of 1831, entitled " An Act to abolish special pleading." Comp. Stat., chap. 199, sec. 3. Whether, however, the defence set forth in the second one was thus receivable is perhaps doubtful. A plea of matter arising since the last continuance is a matter of right, and the court cannot refuse to receive it. *Stevens* v. *Thompson*, 15 N. H. 410 ; *Paris* v. *Salked*, 2 Wilson 138 ; *Broome* v. *Beardsley*, 3 Caines 172. But in *Rangley* v. *Webster*, 11 N. H. 299, a *quære* was suggested, whether matter arising since the last continuance could be received under a brief statement ; and it was said to be at least doubtful whether the act to abolish special pleading warrants that mode of pleading in such cases.

The statute is very general in its terms, and the Legislature no doubt intended that it should have an extensive application. The section is as follows : " No special plea shall ever be required in any civil action, except a plea of title to real estate before justices of the peace. Either party may give in evidence any matter in support or defence of the action under the general issue, upon filing in court a brief statement thereof within such time as the court may order." Broad as the language, however, is, it has been held that the statute does not apply to matter in abatement of the writ, and that it does not change the nature of the general issue itself. *Cocheco Man'g Co.* v. *Whittier*, 10 N. H. 305. And *Parker*, C. J., in remarking upon the effect of the statute, says, in that case, that it merely authorizes matter to be given in evidence under the general issue in certain cases, which could previously have been offered only upon being specially pleaded.

We suppose that the intention of the Legislature was, that in

all ordinary cases of an issue to the jury, the general issue
might be pleaded, and the defence, if not such as could be given
in evidence under the general issue by the rules of the common
law, might be embraced in a brief statement instead of a special
plea; and we are inclined to give the statute a liberal construc-
tion; but a plea *puis darrein continuance* is an abandonment of
all other grounds of defence to the action. It is a waiver of all
former pleadings. *Pemigewasset Bank* v. *Brackett*, 4 N. H.
557. Regularly, it is pleaded after the last continuance, and at
the term next succeeding the time when the matter of the plea
arose. *Rangley* v. *Webster*, 11 N. H. 299; *Stevens* v. *Thomp-
son*, 15 N. H. 410. But it may be pleaded at a subsequent
term, *nunc pro tunc*, on leave of the court. As this species of
plea embraces matter arising since the last continuance, it will
ordinarily be interposed after other pleas have been filed. In
such a case there would be an irregularity in filing a brief state-
ment at that time. It could not be then filed with the general
issue, without first obtaining leave to strike out all the former
pleas; and the doubt expressed in *Rangley* v. *Webster* appears
to be not without good foundation.

But a general release, given after the commencement of an
action, need not be pleaded *puis darrein continuance*, unless a
plea has been before filed in the action; nor need it be pleaded
in bar of the further maintenance of the suit, but may be
pleaded in bar generally. *Kimball* v. *Wilson*, 3 N. H. 96; *Aus-
tin* v. *Hall*, 13 Johns. 286; 5 Bac. Abr. 479; 1 Com. Dig., I,
24, p. 98.

And such a release may be pleaded in bar, after the last con-
tinuance, with the general issue. 1 Chit. Pl. 542; 1 Tidd's
Prac. 610; *Everenden* v. *Beaumont*, 7 Mass. 76; *Austin* v.
*Hall*, 13 Johns. 286.

In the present case, the matter embraced in the second brief
statement being a general release and settlement of the action
since the last continuance, could have been pleaded with the gen-
eral issue at the time it was; and as it could then have been
pleaded in bar with the general issue, and no pleadings had been

previously filed by the defendants, we think it comes within the provision of the statute, and could properly be set forth in a brief statement.

The rulings of the court below were therefore correct, and the plea and brief statement should be received.