## Dodge v. Clark.

A mortgagee of an estate by the curtesy, who has commenced a suit by writ to foreclose his mortgage, cannot recover costs, where the action fails by reason of the death of the tenant by the curtesy.

Writ of Entry, on a mortgage dated May 25, 1844, signed by Ezra D. Clark, one of the defendants, and one H. G. Felton, to the plaintiff, to secure their note of the same date. This mortgage was not signed by Harriet Clark, the other defendant. Elisha Felton died forty years ago, leaving his farm to H. G. Felton, a son, and Harriet Felton, now Harriet Clark, a daughter, the defendant. The defendants intermarried about twenty-eight years ago, and resided together upon the farm; said Ezra D. having no other right or title to said farm except such as he had by force of his marriage with said Harriet, till the decease of said Ezra, in June, 1859, leaving his widow, Harriet Clark, and seven children. Hiram G. Felton lived with them most of the time till within three or four years. About three years ago the plaintiff obtained a title to H. G. Felton's undivided half, and since that time Ezra D. has agreed to pay the rent for that half.

The questions submitted to the court by the parties are, whether the action can be maintained since Ezra D. Clark's decease; and if not, is the plaintiff entitled to costs?

*W. C. & S. G. Clarke*, for the plaintiff.

1. The right of a party to recover is to be tried by its validity at the time the action is commenced. *Ford* v. *Phillips*, 1 Pick. 202; *School District* v. *Bragdon*, 21 N. H. 507. Any person is liable to the action of the mortgagee, unless he can show a better right in himself. *Smith* v. *Edminster*, 13 N. H. 410. Every person who is in possession of mortgaged premises may be treated as a disseizor of the fee,

Dodge *v.* Clark.

unless he holds under a title paramount to the mortgage. *Wheeler* v. *Bates*, 21 N. H. 460, and cases there cited.

2. It is unnecessary to cite authorities to the point that Ezra D., upon his marriage with Harriet and the birth of a child, became seized of a life estate in the premises in question; and also that the mortgage to the plaintiff conveyed all his interest in the estate.

3. The case finds that Harriet was in possession at the time the action was commenced. We submit that the action was rightfully brought against her, as well as against Ezra D. Does the mere fact of the decease of Ezra D. operate to defeat the action?

4. But if the court are of opinion that since the commencement of the action she has acquired a better title to the premises in question than the demandant has, still the demandant is entitled to his costs. *Bailey* v. *March*, 3 N. H. 274. The writ in this action was dated January 9, and served on both defendants January 19, 1859.

*B. Wadleigh*, for the defendant.

BELL, C. J. It may be in general true, that the right of a party to recover is to be determined by the state of facts existing when the action is commenced; but the rule is by no means universally true. There are large numbers of cases where a suit is defeated by subsequent events, though originally well commenced. All cases of pleas *puis darrein continuance* are of this class. In real actions, of which the action upon a mortgage is an example, the action is defeated by the entry of the demandant upon the mortgaged premises, and taking possession of them. *Bailey* v. *March*, 3 N. H. 274; *Waldo* v. *Mitchell*, 24 N. H. 232; Rast. Ent. 365; or by a recovery by a stranger against the tenant of the same premises; *Walcott* v. *Spencer*, 14 Mass. 409; Com. Dig., Abatement, H, 56, 54; by a release of his right to the tenant; Com. Dig., Release

B. 5; Co. Litt. 276, *b;* or by a transfer of his right to a third person; *Waldo* v. *Mitchell,* above cited; *Everendon* v. *Beaumont,* 7 Mass. 76; or by the acquisition of a good title by the tenant, pending the suit. *Bailey* v. *March.*

A real action may be brought by the tenant of a conditional or defeasible estate in fee, or by a tenant of a similar estate for life. His estate may be valid at the time of commencing his action, but may be defeated pending the suit by a breach of condition and entry for the forfeiture; or by the occurrence of the event upon which a defeasible estate is to be terminated; or in the case of a life estate, by the death of the person on whose life the estate depends.

In all these cases, the estate of the demandant having come to an end, and his interest in the property having ceased to exist, he is no longer entitled to recover the property, and no judgment for the possession of the property can be rendered in his favor.

The present case is one of a life estate. Mrs. Clark was the owner of the demanded premises in her own right in fee. By her marriage, and the birth of a child, her husband became entitled to a life estate by the curtesy initiate, during his own life. By his mortgage of the property, his right during his life passed to the mortgagee, and the action of the mortgagee was well commenced in the life time of the husband against him, and perhaps against his wife—nothing in the case shows that it was not well brought against her. By the death of the husband his estate, and consequently the right of his mortgagee, instantly terminated. The mortgagee became no longer entitled to recover judgment for the land, and his action by a proper course of proceeding must be defeated.

In a real action, the judgment must be for the recovery of the property demanded, and if the demandant is not entitled to that, he cannot recover damages alone.

Ordinarily costs for the plaintiff are the mere incident

of the judgment for the recovery of the property or the damages which are the object of the suit.

By the Revised Statutes, ch. 191, sec. 1, costs follow the event of every action, unless otherwise directed by the law, or the court. By the failure of the plaintiff's title, and the termination of his estate, the defendant here becomes entitled to a judgment in her favor, and consequently to a judgment for costs, unless the exception in the statute can be made to apply.

We understand the rule established in such cases to be, that where it appears that the action was well brought originally, the defendant will be entitled only to the costs, after the occurrence of the event by which the right to recover is terminated; *Bailey* v. *March*, above; and in cases where the action is terminated by the act of the party himself, it will be presumed that the costs up to that time have been compromised between the parties. *Kimball* v. *Wilson*, 3 N. H. 96.

The defendant, though entitled to a judgment, can recover costs only since the death of her husband.

But the plaintiff claims that he is entitled to recover costs, at least up to the time at which his mortgage interest terminated. His claim is chiefly founded upon some *obiter dicta* in the case of *Bailey* v. *March*, 3 N. H. 474. In that case the tenant acquired a better title than the demandant to one half of the premises in question, but the demandant was still entitled to judgment for the other half, and consequently for costs. No question could have arisen as to the costs in a case where the plaintiff's action, originally well commenced, was defeated by the loss of his title pending the suit; and we think a judgment for costs in favor of a plaintiff who recovers nothing else, cannot be recovered, unless in some very special case; such, perhaps, as the case of a trustee, chargeable with fraud; Rev. Stat., ch. 222, secs. 33, 34; and perhaps some cases in bankruptcy.

As the general rule under our statute, we think no costs can be adjudged to a party who does not so far prevail in his suit as to recover something of what he claimed. The event of the action in such case must be a judgment for the defendant, and by law costs follow the event, unless an exception to the rule is established. We are aware of no exception applicable to this case.

*Judgment for the defendant, with costs.*