## TRUE v. HUNTOON & A.

If, after a plea in bar, the defendant pleads a plea *puis darrein continuance*, this is a waiver of his plea in bar, and he shall take no advantage of anything in the bar in that case.

But such plea *puis darrein continuance* may be properly pleaded with the general issue, either specially or by brief statement, when no plea has been previously pleaded.

The fact that two or more pleas, when pleaded at the same time, are repugnant to each other, is no objection to either of them.

TRESPASS, by Sylvanus True against Arial Huntoon, Lewis Bartlett, and Benjamin F. Gilman, for an assault.   Writ dated May 16, 1872. The action was entered at the September term, 1872.   An appearance was entered for the defendants, and the case was continued to the January term, 1873.   During the January term the defendants, who had not previously filed any plea, filed the general issue, and at the same time filed several pleas *puis darrein continuance* in bar of the further maintenance of the action, alleging an accord and satisfaction.   The plaintiff moved to dismiss the plea of the general issue.   The motion to reject the plea was *pro forma* denied.   The plaintiff excepted.

Case reserved, including all questions of discretion.

*Barton* and *Wait*, for the plaintiff.

*Burke* and *Bowers*, for the defendants.

SARGENT, C. J.   In *Everendon* v. *Beaumont*, 7 Mass. 76, which was a writ of entry, the general issue was pleaded, and also by leave of the court a plea in bar, in which the defendants allege that pending the suit the demandants by deed released their rights to the defendants.   So in *Austin* v. *Hall*, 13 Johns. 286, which was trespass *quare clausum*, the defendant pleaded not guilty, and also *liberum tenementum*.   The plaintiff new assigned, and the defendant pleaded not guilty, and also a release after suit commenced.   So, in 1 Chitty's Pl. 562, it is said that infancy, a release, or the statute of limitations may be pleaded with non-assumpsit. So in trespass, not guilty, a justification, and accord and satisfaction may be pleaded together.

And in *Wisheart* v. *Legro*, 33 N. H. 177, 182, it is said that a general release, given after the commencement of an action, need not be pleaded *puis darrein continuance*, unless a plea has been before filed in the action, nor need it be pleaded in bar to the further maintenance of the suit, but in bar generally, and that such plea may be pleaded in bar after the last continuance with the general issue.   And in that case it was expressly held that the general issue, and a brief statement of a release and settlement of the action since the last continuance, were properly pleaded.

While it seems to be thus settled that a release or a settlement of the action since suit commenced may be properly pleaded with the general issue, yet it is equally well settled by authority, that if after a plea in bar the defendant pleads a plea *puis darrein continuance*, this is a waiver of his bar, and no advantage shall be taken of anything in the bar. *Kimball* v. *Huntington*, 10 Wend. 679; *Wallace* v. *McConnell*, 13 Pet. 143, 151.

The fact that the pleas are repugnant to each other is no objection when they are filed together as in this case. *Kimball* v. *Wilson*, 8 N. H. 96; 5 Bac. Abr. 479; *Rogers* v. *Odell*, 39 N. H. 452, 460, and cases.

*Exceptions overruled.*