CASE 62—PETITION ORDINARY—OCTOBER 3.

## Vertrees vs. Shean, &c.

APPEAL FROM HARDIN CIRCUIT COURT.

A replevin bond executed in 1850, payable at *six* instead of *three* months, was not entitled to the force and effect of a judgment—an execution issued upon it was unauthorized and invalid, and a sale and conveyance of land thereunder by the sheriff conferred no title upon the purchaser. Neither the consent of the parties nor the acts of officers could impart to such bond the validity and effect of a judgment for any purpose.

John E. Newman, for appellant, cited 1 *B. Mon.*, 239; 2 *Litt.*, 125; 5 *Mon.*, 98; 1 *Mon.*, 239; 2 *J. J. Mar.*, 481; *Litt. Sel. Cases*, 300; 1 *Mon.*, 7, 8; 3 *Mar.*, 515; 5 *Mon.*, 98; 5 *Dana*, 336; 4 *Bibb*, 332; 2 *Mar.*, 17.

C. D. Shean, for appellees, cited 1 *Met.*, 169.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

This was an action brought by Vertrees against Shean & Ditto for the recovery of fifty acres of land in Hardin county.

The appellees held possession under Alfred G. Ditto, from whom appellant claimed to have derived title by purchase under an execution sale.

As evidence of title, appellant relied upon a judgment against A. G. Ditto, rendered in 1850; an execution thereon with the following sheriff's return : " 16th May, 1850.—Replevied for six months by John Ditto and W. Whitlock, which bond is here filed;" a replevin bond at *six* months executed by A. G. Ditto and his sureties, John Ditto and Whitlock; an execution upon this replevin bond, by virtue of which the land was sold; and the sheriff's deed. He furthermore proved by the sheriff's return and otherwise, that the defendant, A. G. Ditto, had, by writing, surrendered the land to the sheriff to be sold without advertising for the satisfaction of the execution.

The circuit court—being of opinion that the execution which issued upon the replevin bond was unauthorized and void, and that the sheriff's sale thereunder conferred no title—instructed the jury to find for the defendants; and a verdict and judgment having been rendered in conformity with this instruction, against the plaintiff, he has appealed.

The only question to be considered relates to the character and effect of the replevin bond, and the validity of the execution which issued thereon.

It is conceded that the bond is a valid common law bond, and enforcible against the obligors; but it is contended that it is not good as a replevin bond upon which an execution could issue, because it does not conform to the law, but is payable at *six*, instead of *three* months. On the other side, it is said that, although the bond does not conform to the statute in the particular mentioned, the fact that it was taken and treated by the parties as a replevin bond, and so regarded by the clerk and sheriff, and was never objected to or questioned by motion or otherwise, renders it valid as a replevin bond between the parties, and authorized the issual of the execution.

It seems to us that the validity of the sale and execution under which it was made, must depend, not upon the effect to be given to the implied assent or acquiescence of the parties, but solely upon the authority of the clerk to issue an execution upon the bond in question.

By the execution law in force when the bond was taken and the execution issued, and which must govern this case, a

defendant in an execution was allowed to replevy property taken under execution for the space of *three* months, by executing bond, with surety, payable to the plaintiff, in the manner and to the effect prescribed by the 16th section of the act of 1828, (1*st vol. Slat. law,* 642,) upon which bond, after the same fell due, the proper officer, as the section provides, was authorized, " at the request of the plaintiff or his attorney, to issue execution thereon in all respects as on a judgment," and *such* bond is declared to have the force of a judgment, and be taken and treated as such.

It is only by authority of law that bonds of any description have the force and effect of judgments; and without such authority no officer of the law has the right to treat any bond as a judgment, either for the issual of an execution or for any other purpose. The law communicates the force of a judgment to a bond taken in pursuance of its requisitions; and in determining its efficacy we must look to the bond itself.

" If it contains the characteristic stipulations of a replevin bond, and be payable at the time prescribed by law for such bond—though in taking it the officer may have erred in calculating the amount due, or may have acted erroneously in other respects—still it is a replevin bond, and until quashed or set aside, must have the force of a judgment." (7 *Mon.*, 261.) But if it is not payable at the time prescribed, or is wanting in any other material stipulation demanded by the law, it is not entitled to the force and effect of a judgment, and any process or execution issued thereon must be regarded as unauthorized and invalid. Neither the consent of the parties, nor the acts of officers, can impart to such bond the validity and effect of a judgment for any purpose.

The cases referred to by the counsel do not apply here. The bonds in those cases were taken in pursuance of a statute then in existence—though afterwards held to be unconstitutional— and it was upon that ground mainly that they were deemed sufficient to uphold the executions and sales.

Here, however, there is no semblance of authority for a replevin bond at *six* months, and it follows that the execution which issued thereon was of no effect, and conferred no power

upon the sheriff to make the sale through which appellant attempted to derive title.

It seems to us, therefore, that the instruction complained of was proper, and the judgment is *affirmed*.