CHARLES A. F. SWAN *vs.* ALEXANDER STEPHENS.

A sheriff's sale on execution of the judgment debtor's right in equity to redeem mortgaged real estate, which the debtor claims to be exempt from levy as a homestead, is not invalid, under the Gen. Sts. c. 104, § 11, because not made expressly subject to the homestead estate.

On trial of a writ of entry for possession of property of which the demandant is general owner subject to a homestead estate of the tenant which has not been set off to him, the burden is on the tenant to prove that the value of the property is such that his homestead right covers the whole of it.

Under plea of *nul disseisin* to a writ of entry, the tenant is estopped from denying that he holds the freehold against the demandant.

In a mortgage of real estate, the only effect of a release by the mortgagor and his wife of all right of homestead in the mortgaged premises is, to subject the homestead, together with the residue of the estate, to payment of the mortgage debt.

Under plea of *nul disseisin*, without further specification, the tenant may set up a right of homestead in defence against a writ of entry.

WRIT OF ENTRY, dated January 22, 1867, for possession of a dwelling-house and land in Lowell. Plea, *nul disseisin.* Subject to the demandant's objection that, under this plea, the ten

ant could assert no right of homestead in the demanded prem ises, the facts were agreed in the superior court as follows :

On September 2, 1854, the tenant received a conveyance of part of the land with the dwelling-house; and on July 4, 1857, one of the rest of the land, which lay contiguous to the former lot. Each parcel of land contained forty-one hundred and forty-six square feet. From the time of the conveyance of the first lot to him, the tenant occupied it with his family, as a house-holder; and so also from the time he acquired the second lot he occupied it in connection with the first. But his intention to hold the premises as a homestead was not set forth in either of the deeds, nor ever declared by any writing.

On September 26, 1858, the tenant made a mortgage of the premises to secure a debt of three hundred dollars; and his wife joined in the deed to release all right of homestead. This mortgage was outstanding at the date of this writ.

On October 11, 1866, John G. Kaulbach obtained judgment against the tenant on a debt contracted after May 30, 1857, the date of the enactment of the homestead act of that year, St. 1857, *c.* 298; and levied execution on the tenant's right in equity to redeem the mortgaged premises; and the demandant purchased such right at the sheriff's sale, and claimed title under his deed from the sheriff. Neither in the sheriff's deed, nor in his return on the execution, nor at the sale, was any reference made to any right of homestead of the tenant; but before the sale the tenant gave notice to the sheriff that he held the premises under the homestead act, and so that the sheriff had no right to sell them. The tenant was present at the sale, and made one bid, of five dollars.

On these facts judgment was ordered for the tenant, and the demandant appealed.

*W. P. Webster,* for the demandant.

*N. St. J. Green & C. Cowley,* for the tenant.

WELLS, J. Upon the statement of facts it is clear that the tenant acquired an estate of homestead in the dwelling-house and lot of land purchased in 1854; and that he had no such ight in the second parcel, purchased in 1857. The demandant

is therefore entitled to have judgment for full possession of the second parcel; and also for the other parcel subject to the rights of homestead in the tenant and his family; unless this result is required to be modified by some of the considerations urged by the respective parties. St. 1855, c. 238. St. 1857, c. 298.

1. The tenant denies the validity of the sheriff's sale, because not made expressly subject to the estate of homestead. Gen. Sts. c. 104, § 11. But as the sale would necessarily be subject to the homestead right, whether so declared or not, we are of opinion that the omission to make it so, expressly, does not operate to invalidate the sale altogether. It could in no way prejudice the rights of the debtor, nor could it affect his means of enforcing or enjoying his estate of homestead.

2. The tenant contends that, as it is not shown that the premises subject to the right of homestead exceed eight hundred dollars in value, the demandant does not appear to have any present right of possession therein, and cannot have any judgment for the same. But the demandant is the general owner, entitled to possession of the whole, except so far as the tenant's special title may exclude him. Until the homestead has been set out to the debtor, he and the owner of the residue are in the relation to each other of tenants in common. *Silloway* v. *Brown*, 12 Allen, 30. If the tenant seeks to establish an exclusive right to any part of the premises as a homestead, it is for him to show that that limited right is sufficient to cover the entire parcel so claimed. *Wolcot* v. *Knight*, 6 Mass. 418. Jackson on Real Actions, 160, 161.

3. The tenant also contends that, as to the parcel subject to the homestead right, the action cannot be maintained without evidence of an actual disseisin. But he has pleaded the general issue only; and, under that plea, is estopped to deny that he was in possession of the whole premises and claiming a freehold therein. Gen. Sts. c. 134, § 5. *Higbee* v. *Rice*, 5 Mass. 344, 351. *Washington Bank* v. *Brown*, 2 Met. 293. *Devens* v. *Bower*, 6 Gray, 126.

4. The demandant contends that the tenant has parted with his homestead right by the mortgage, in which his wife joined

to release all right of homestead. But the demandant has **not** acquired it; and the effect of such a release can be nothing more than to subject the homestead, as well as the residue of the estate, to the payment of the mortgage debt.

.5. The demandant also contends that the tenant cannot avail himself of his homestead right, in this suit, because he has failed to specify the same under his plea of *nul disseisin.* In the case of *Castle* v. *Palmer,* 6 Allen, 401, 405, the court suggest a question whether such a specification should not be made. The reason assigned for requiring it is, " in order to have the propei judgment entered." But the judgment is always entered according to the findings upon the issue tried. " The demandant may recover any specific part of the premises, or any undivided portion thereof to which he proves a sufficient title, though such part or portion is less than is demanded in the writ." Gen. Sts. c. 134, § 10. *Nul disseisin* puts the whole title in issue. This issue may be maintained by the tenant on his part, either negatively, by disproof of the title set up by the demandant, or affirmatively, by proof of title in himself. One mode is just as strictly within the issue as the other. If, upon the proofs, it appear that the tenant has a freehold in any part of the premises, either exclusive, or in common and undivided, the recovery by the demandant must be limited accordingly. If the tenant seek to defeat the suit, by justifying his acts of possession under some right less than the entire freehold, he must specify the right or title upon which he relies, and disclaim as to the residue. *Dunbar* v. *Mitchell,* 12 Mass. 373. *Russell* v. *Lewis,* 2 Pick. 508. *Wheelwright* v. *Freeman,* 12 Met. 154. *Johnson* v. *Rayner,* 6 Gray, 107.

A homestead right is such a freehold estate as will avail the tenant in defence to a writ of entry. *Silloway* v. *Brown,* 12 Allen, 30. If it extend over the entire premises sued for, and require the whole value of the estate to satisfy it, then the action will be defeated. *Parks* v. *Reilly,* 5 Allen, 77. But if it fall short of this, either in value or extent, and there is no disclaimer as to the residue, the demandant is entitled to recover; but his judgment must necessarily be a limited one, in accordance with

the statute above quoted.    We are of opinion that no specification, in addition to the general issue, is necessary, to entitle the tenant to set up his homestead right in defence, or to enable the court to enter the proper judgment.

    *Judgment for the demandant, subject to the homestead right of the tenant in the dwelling-house and the parcel of land purchased in 1854.*