TAYLOR & DUNCAN *v.* G. C. & J. N. RHYNE.

A Sheriff is not required to sell the excess of realty beyond the Homestead, or to lay off a Homestead, until the plaintiff has paid, or offered to pay his fees for so doing.

*Lute* v. *Reilley,* 65 N. C. 20, cited and approved.

This was a motion to amerce George W. McKee, the Sheriff of Gaston County, for failure to make a lawful return of a *venditioni exponas* issued to him in the above stated cause upon the following facts, as appears from the original *venditioni exponas* and the endorsements thereon issued to said Sheriff from Spring Term, 1870, and returnable to Fall Term, 1870, commanding him to sell two certain tracts of land therein mentioned; that the same came to the hands of the Sheriff as

appears from his endorsement on the 24th of June, 1870. That at Fall Term, 1870, he returned the same to the Clerk's office, with the following endorsement: "November 8th, 1870, The seventy acre tract sold, and money applied to an execution in favor of W. W. Grier and D. M. Alexander, it having the priority. The other tract not sold because of the homestead law, and because the plaintiffs did not pay, or tender the fees due for laying off the homestead;" heard before *Logan, J.*, at Spring Term, 1871, of Gaston Superior Court.

The Court considering said return sufficient in law, refused the motion, from which ruling the plaintiffs appealed.

*Battle & Sons*, for plaintiffs,
*Bynum*, for defendant.

Dick, J. The land mentioned in the *vendi. expo.*, was subject to the homestead exemption of the defendant in the execution; and no part could be sold until the homestead was laid off as required by law. As the homestead was not claimed by the owner, the Sheriff was not bound to lay it off, unless his fees were paid or tendered by the creditor in the execution. *Lute* v. *Reilly*, 65 N. C. 20. Acts 1868–'9, ch. 279.

Only the interest of a debtor in land, in excess of the homestead, can be levied upon and sold; and this excess must be ascertained by appraisers properly appointed. The costs of this proceeding may be charged in the officer's bill of fees, and collected out of the excess; but if there is no excess, the Sheriff has no direct means of obtaining his costs. The law therefore does not require the sheriff to act in the matter, until his fees are paid or tendered by the creditor, for whose benefit the services are to be rendered. In our case this precedent duty was not performed by the plaintiffs, and they have no right to complain that the Sheriff did not render the service of laying off the homestead, and selling the excess. An amercement is a penalty and ought not to be enforced by a Court of Justice, at the

instance of a party, who has not performed precedent duties required of him by the law.

The Sheriff was not in default as the plaintiff did not pay or tender the fees for the required service.

There is no error in the ruling of his Honor; and the judgment is affirmed

PER CURIAM.                    Judgment affirmed.

NOTE.—The same parties plaintiffs had another cause in this Court involving the same question which was decided in accordance with the principles enunciated in this case.