DAPHIA HOXIE vs. JAMES L. LAWRENCE & another.

Barnstable.   January 26, 1875.   AMES & ENDICOTT, JJ., absent

B., being a devisee of A. only, and D., a devisee of C. only, jointly executed a deed
beginning, " I, B., legatee of A., and D., legatee of C.," and conveying " all the
real estate left or given us by A.;" also a certain piece of land, "part of the estate
of C." *Held,* that the deed included all land which had been devised or conveyed
by A. to B.

WRIT OF ENTRY to recover an undivided half of a certain par-
cel of land in Sandwich.   Plea, *nul disseisin.*   The case was
submitted to the Superior Court, and to this court, on appeal, on
an agreed statement of facts in substance as follows :

The demanded premises were formerly owned by John Lan-
ders, the father of the demandant, and are situated in Sandwich,
in the county of Barnstable.   John Landers by will gave the de-
manded premises to his wife Lydia Landers, the mother of the
demandant.   The said Lydia and Temperance C. Hamblin made
and executed a warranty deed, the first part of which is as fol-
lows :  " Know all men by these presents, that I, Lydia Landers,
legatee of John Landers, late of Sandwich, and Temperance C.
Hamblin, legatee of John Hamblin, late of Barnstable, in consid-
eration of two hundred and twenty-five dollars to us paid by
Ellis Howland, of Sandwich, in the county of Barnstable, the
receipt whereof is hereby acknowledged, do hereby give, grant,
bargain, sell and convey unto the said Howland, all the real
estate left or given us by John Landers, lying in the town of
Sandwich.   Also a certain piece of salt meadow in Barnstable,
being a part of the estate of said Hamblin, said meadow being
bounded northeasterly by S. C. Howland, northwesterly by
marsh formerly belonging to N. Atkins, southwesterly as is sup-
posed by Joseph Hoxie, and southeasterly by parties unknown ;
meaning to convey all the marsh said John Hamblin owned at
his decease at the place called Scorton Pond, near Sandy Neck."

The grantee in said deed on the day of its execution by quit-
claim conveyed the premises he took under the deed from said
Lydia and Temperance to Isaac P. Lawrence, who thereupon en-
tered upon and occupied the demanded premises, and continued
such occupation until his death, and the tenants are the sons

and heirs at law of said Isaac P. Lawrence. Lydia Landers deceased before this action was brought. No part of the demanded premises were given by John Landers to the said Temperance C., and she is in no way related to said demandant. The piece of salt meadow described and referred to in the deed never belonged to said John Landers, and is not a part of the demanded premises. Lydia made no conveyance of the demanded premises in her lifetime, unless she did so in and by the deed above referred to, and she left no will.

On the foregoing facts, *Putnam*, J., ordered judgment for the tenants, and the demandant appealed.

*J. M. Day*, for the demandant.

*H. P. Harriman*, for the tenants, was not called upon.

BY THE COURT. The deed from "Lydia Landers, legatee of John Landers, late of Sandwich, and Temperance C. Hamblin, legatee of John Hamblin, late of Barnstable," ·conveying, 1st, "All the real estate left or given us by John Landers," and 2d, a parcel of land which had belonged to John Hamblin, manifestly included all land devised or conveyed by John Landers to Lydia Landers.                    *Judgment for the tenants.*