## W. H. LETCHFORD VS. HARRIET J. CARY.

1. EXEMPTIONS OF HOMESTEAD: *Judgment lien. Occupancy of homestead. Tenants in common.*

Sundry judgments were obtained against Mrs. C., upon which executions were issued, levied on lands, which were sold to satisfy the same. Mrs. C. was the head of the family, but did not reside on the land at the date of the rendition of the judgment, but removed to and occupied the premises before the sheriff sold the land. L. purchased at sheriff's sale, and sued Mrs. C. in ejectment, and she claims the homestead exemption. *Held,* that Mrs. C. having established her residence upon the premises after the recovery of the judgment, but before the sale, being the head of a family and owner of the property, her occupancy completed her right to the homestead exemption. The law gives to the debtor the use of the property for the support of his family, on the condition of occupancy as a residence. The creditor may sell all other property except the parcel of land thus occupied *at and before the sale.* L. acquired, by his purchase, Mrs. C.'s title to the land embraced in the levy and deed, except the house and 160 acres, as located and defined in the statute, and the parties, as respects each other, are tenants in common.

ERROR to the Circuit Court of *Hinds* County (1st Dist.).
Hon. GEORGE F. BROWN, Judge.

Plaintiff in error sued in ejectment to recover possession of the land in controversy. The agreed facts show that in 1858, 1859, and 1860, sundry judgments were obtained against defendant in error (Mrs. Cary); that executions were issued and placed in the hands of the sheriff, who sold the land (240 acres), and plaintiff in error became purchaser April 9, 1861; that Mrs. Cary was the head of a family, and resided in the

town of Clinton, at the date of the rendition of the judgments against her ; that the judgments were duly enrolled ; that Mrs. Cary, after the rendition and enrollment of the judgments, but before the sale by the sheriff, removed her family and took up her residence upon the lands in controversy, and occupied the same with intent and for the purpose of claiming the same as a homestead exemption, but that the exemption was not allotted and set off to her by metes and bounds, or otherwise.

A transcript of the judgments, the executions, and the sheriff's deed were read on the trial. A jury trial was waived. Judgment for defendant. A motion for a new trial was made and overruled, and the case came to this court on writ of error.

The following is assigned for error :

1. The court erred in not rendering judgment in favor of plaintiff for the lands sued for.

2. The court erred in overruling the motion for a new trial.

*Frank Johnston*, for plaintiff in error :

Cited and commented on the following authorities, to wit : Code, 1857, p. 529, art. 281 ; Elston v. Robinson, 21 Iowa, 531 ; Reinbach v. Walter, 27 Ill., 393 ; 15 Wall., 622 ; Acts of 1866, 1867, p. 221, 222 ; Turner v. McRea, 1 Nott & M. (S. C.), 11 ; 1 Johns. Cases, 153, 155 ; Harper v. Hill, 35 Miss., 63 ; 4 Greene (Iowa), 201 ; 4 Wheat. 405 ; Smith v. Backett, 36 Barb., 571 ; Whitworth v. Lyons, 39 Miss., 468 ; Carter v. Brownlee, 38 ib., 200 ; Adams on Eject., 55 ; Code, 1871, §§ 1552, 1555 ; 4 Allen, 347 ; Lessley et al. v. Phipps, 49 Miss., 795 ; 99 Mass., 7.

*Geo. L. Potter*, for defendant in error :

Cited and commented on the following authorities : Code, 1857, §§ 282, 283, and argued the facts *in extenso*.

SIMRALL, C. J., delivered the opinion of the court.

All the questions litigated in this case are controlled by the decision of the court in Lessley et al. v. Phipps, 49 Miss., 795–798, except the effect of the removal of Mrs. Cary upon

the lands, and her occupancy of them after the rendition of the judgment, but before the sale by the sheriff.

Mrs. Cary bases her right to the homestead on the ground that she actually resided upon the land before the sale, and since, but her possession did not begin until after the recovery of the judgments under which the sheriff sold and Letchford became the purchaser. Letchford claims, on the other hand, that the judgments under which he purchased were liens upon the land before Mrs. Cary took up her residence upon them, and that her occupation cannot divest the lien. That question is met by the case of Trotter v. Dobbs et ux., 38 Miss., 198.

Trotter purchased the land under judgments rendered 25th and 26th August, 1858. Dobbs had occupied the land for about twelve months before the sale. On the day of the sale he married, became the head of a family, and acquired the privilege of the homestead exemptions.

The substance of the reasoning of the court in favor of the exemption is that by the statute the judgment, though generally a lien on all the property of the defendant, was subject to the restriction that, if the creditor did not sell certain property before he became a householder and had a family, it shall be exempt from execution on his afterwards acquiring that relation.

The principle announced is that, although the debtor may not have the privilege of the exemption at the date of the judgment, yet, if he acquires the statutory qualifications before the sale by the sheriff, his right to the homestead becomes perfect. In this case Mrs. Cary established her residence upon the premises after the recovery of the judgment, but before the sale. Being the head of a family and owner of the property, her occupancy completed her right.

The policy of the statute, as declared in Trotter v. Dobbs, is to give to the debtor the use of the property for the support of his family, on the condition of occupancy as a residence. The creditor may sell all other property, except the parcel of land thus occupied at and before the sale. Letchford acquired by his purchase Mrs. Cary's title to all the land embraced in

the sheriff's levy and deed, except the house and 160 acres located as defined in the statute. On the agreed facts he ought to have had a judgment accordingly.

Judgment reversed, and judgment in this court.

On application for reargument, *per* SIMRALL, J.

The argument chiefly urged in support of the petition for a reargument is that the plaintiff, Letchford, did not prove a title and right to the possession of any specific part of the premises, or of any definite interest. We held that Letchford, by his purchase under the judgments, acquired title to the entire premises, subject to, or less, Mrs. Cary's homestead, and that, under the statute of 1857, her right of exemption was not lost or waived by the failure to measure it off before the sale, nor for that reason was the sale invalid. In what relation to Mrs. Cary did Letchford's purchase place him? "Tenants in common are such as hold by several and distinct titles, but by unity of possession, because none knoweth his own severalty, and therefore they all occupy promiscuously." 3 Bl. Com., 191. Letchford's acquisition of title was subsequent to that held by Mrs. Cary. Their respective titles to the premises would make a perfect and complete legal right. Nor is it at all difficult to define the exact extent of each. Mrs. Cary has a right to the residence and land, not to exceed 160 acres, and with the improvements, not to exceed in value $1,500. Letchford has a right to the residue of the premises—the entire tract of land contains 400 acres—in any event his right extends to as much as 240 acres. It is plain that his claim to a present enjoyment of his interest in the premises is as strong and perfect as that of Mrs. Cary to her interest. Their respective titles are legal, and receive the recognition of a court of law. If Letchford were let into possession he would hold in common with Mrs. Cary, and the only unity that would exist would be that of possession. We think the parties are, as respects each other, tenants in common—the one excluding the other from the possession. It is unnecessary to cite authority to the point

that such tenant, totally ousted and excluded, may maintain the action of ejectment. The statute of Massachusetts is like ours. "It exempts from sale and levy, on execution, the homestead farm, or lot and buildings thereon occupied by the debtor as a residence  *  *  *  to the value of $800," etc.

The same question raised in the application for reargument was presented in Silloway v. Brown, 12 Allen, 32. There the homestead had not been set off to the debtor, yet it was held that the purchaser at sheriff's sale could, by the writ of entry (ejectment), recover the land, subject to the right of the homestead and the possession incident to it. In this and several other cases in that state the court proceeds on the premise that the purchaser and debtor are tenants in common. Of these cases are Castle v. Palmer, 6 Allen, 401 ; Pittsfield Bank v. Hawk, 4 ib., 347 ; Doyle v. Coburn, ib., 71 ; Swan v. Stephen, 99 Mass., 10 ; Parks v. Ruby, 5 Allen, 77. In this case the tract of land purchased by Letchford was largely in excess of the homestead. We are therefore of opinion, as heretofore announced, that he is entitled to a judgment, on the facts agreed, to recover to the extent of his title, but not so as to turn Mrs. Cary out of the dwelling-house, and her rights under the statute of 1857. Either party can, by proper proceedings, have partition.

Reargument denied.