CRISP, *Plaintiff in Error*, v. CRISP.

1. **Homestead, Failure of Officer to Assign** : SALE NOT VOID. The failure of a sheriff, selling, under execution, land which contains a homestead, to assign such homestead to the debtor does not render the sale void.

2. ———. The court may, in ejectment brought for the premises by the purchaser at the sale, cause the homestead to be assigned.

*Error to Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* for plaintiff in error.

(1) It is essential to the validity of a sale on execu-

tion of premises containing a homestead, to set out the homestead before the sale. 2 Wag. Stat., chap. 68, p. 697; *Perkins v. Quigley*, 62 Mo. 498; *Vogler v. Montgomery*, 54 Mo. 577; Thompson on Homesteads, secs. 639, 640. (2) The life estate of the plaintiff would support her homestead claim. 1 Am. Law Reg. (N. S.) 652; *State ex rel. v. Diveling*, 66 Mo. 375.

*John J. Cockrell* and *Comingo & Slover* for defendant in error.

(1) Plaintiff's right of homestead became fixed upon her husband's death, and is not affected by a subsequent change of the statute. *Register v. Kensly*, 70 Mo. 189. (2) The plaintiff claims under the will and not under the law, and she must stand or fall by her testamentary title. *Bryant's Adm'r v. Bedford*, 49 Mo. 596; *Dougherty v. Barnes*, 64 Mo. 159; *Casebolt v. Donaldson*, 67 Mo. 308. (3) By voluntarily yielding possession to Roberts, and her neglect for some ten years to institute proper proceedings to establish her rights to a homestead in the property, the plaintiff is estopped and ought not to recover. *Bliss v. Prichard*, 67 Mo. 181. (4) If the plaintiff had a homestead right in the property, then, after the sale on execution against her, she was a tenant in common with the purchaser at such sale (Thompson on Homestead, sec. 630), and partition would lie. *Ib.*, secs. 631–34, 682, 712; *Spotts v. Wells*, 18 Mo. 471; R. S., 1879, sec. 2697, and G. S., 1865, p. 457, sec. 10.

BLACK, J.—This was ejectment for some six hundred acres of land. Greenville Crisp, plaintiff's husband, owned and resided on the land prior to 1861. In that year he went to the state of Texas, evidently designing to return as soon as he could with safety. He died there on the twentieth of December, 1865,

testate, and by his will devised the property in question to plaintiff for her life. In 1867, she returned with her minor children and took possession of these lands. In 1868, she and two of her sons incurred debts, for non-payment of which judgments were recovered against them, and these lands were levied upon and sold to Roberts on October 18, 1871. In 1877, Roberts conveyed them to defendant, another of plaintiff's sons. The sheriff failed to have a homestead assigned to her. The defendant at the second trial pleaded these matters, and asked that if the plaintiff should be found to be entitled to a homestead, that the same be set off to her. The court did so find, and appointed commissioners, who assigned to her one hundred and sixty acres, valued as of 1871, at fifteen hundred dollars ; she also recovered possession of the one hundred and sixty acres, so set off to her, with agreed damages and all costs.

While the debts, to pay which these lands were sold, were the debts of the plaintiff, still she had a life estate in all of these lands. She was the head of a family, resided on the property, and was clearly entitled to a homestead under the first section of the act of 1865 (G. S., 1865, 648). That section exempts such homestead from attachment and execution. The second section gave her the right to designate and choose the part to which the exemptions should apply, and upon such designation and choice, or, in case of a refusal to designate or choose, it became the duty of the sheriff to appoint appraisers to set apart the homestead. This he failed to do.

While it was the duty of the officer to inform her of her right, and to have the homestead set off, whether she asked it or not, still does his failure so to do render the sale void ? It must be conceded the authorities are not in entire harmony. Many of the cases relied upon by the plaintiff in error can hardly be regarded as having much bearing upon this question. It was held, in

*Taylor v. Rhyne*, 65 N. C. 530, that the sheriff was not bound to lay off a homestead, until his fees therefor were paid by the plaintiff in the execution, and, hence, could not be amerced for failure to make return to the writ, and in *Lambert v. Kinnery*, 74 N. C. 350, the property sold does not appear to have been in excess of the exemption. The real question there seems to have been whether the defendant had waived his exemption by reason of statements made at the sale. But, the same court in *Abbott v. Cromartie*, 72 N. C. 292, after stating, as it had before, that the homestead was not subject to levy and sale under execution, observed: "The sheriff's deed, therefore, could pass to the purchaser only what he had the right to sell, *i. e.*, the land, subject to the homestead estate." *Hartwell v. McDonald*, 69 Ill. 293, was ejectment, the question being, did the purchaser at the execution sale take any title, which, upon the subsequent abandonment of the homestead, he could assert against the defendant, who claimed by deed from the homestead claimant, subsequent to the execution sale, was without authority in law and of no validity. A different result was reached by the Supreme Court of the United States, in *Black v. Curran*, 14 Wall. 469, in the construction of the same statute. *Fogg v. Fogg*, 40 N. H. 282, was a possessory action. The property, in value, exceeded the exemption. The sheriff, though requested by defendant, declined to have the homestead set off, but extended the execution upon the whole property, and it was held the plaintiff could not recover.

But two cases decided by this court, *Vogler v. Montgomery et al.*, 54 Mo. 578, and *Perkins v. Quigley*, 62 Mo. 498, have any bearing upon the question now presented. In the first, it does not appear that the property was in excess of the exemption, either in quantity or value. In the second, it does not appear that the amount was less than one hundred and sixty acres. These cases are by no means decisive of the one at bar,

nor do they control its proper disposition. *Letchford v. Cary*, 52 Miss. 791, was ejectment brought by the purchaser at an execution sale against the homestead claimant, to whom no assignment of the homestead had been made, because of which it was contended the sale was void, but the court held otherwise, and that, of the two hundred and forty acres sold at the execution sale, plaintiff was, by reason of his purchase at that sale, entitled to recover all but one hundred and sixty acres, the amount of the exemption.  See, also, 99 Mass. 10.

This property was, as we have seen, sold in 1871. Possession, it would seem, was yielded up to those claiming under the execution sale, except sixty acres which the plaintiff held by a different title, and of which the defendant was not in possession.  For nearly ten years the defendant's title has not been questioned, and since his purchase he has made some improvements on the land.  Both the sheriff and the plaintiff have acted in total ignorance of her rights. The circuit court was clearly right in holding that she was not estopped from demanding her exemption, and correctly held that the sheriff's deed was not void. The homestead law was designed to protect children as well as the head of the family.  This should not be left out of view in the administration of the law. But it does not follow that this deed should be held to be void.  To so hold, would be unjust and unreasonable, and a fair administration of the law does not demand it.  A most liberal assignment was made in this case, and of which no complaint is or could rightfully be made.  No question is made as to the propriety of the assignment of the homestead in this proceeding.

The judgment of the circuit court is affirmed.  Sherwood, J., dissents.  The other judges concur.