MARY E. BUTRICK & others *vs.* ANDREW J. TILTON.

Essex. Nov. 5, 1885. — Feb. 17, 1886. FIELD & DEVENS, JJ., absent.

An allegation in the declaration in a writ of entry, that the demandant is seised "in his demesne as of fee," is a sufficient allegation that he is seised in fee simple.

If an unrecorded deed of land is found, at the death of the grantee, in his pocketbook in his possession, it will warrant a finding that the deed was duly delivered to him.

A deed of land, which is not executed by all those who purport to be grantors therein, conveys the interest of those who executed it.

A quitclaim deed conveyed "a certain right of land lying in the town formerly called B.," and "also all the right we have in any estate, real or personal,

belonging to the estate of J., late of H., deceased." *Held*, that the deed conveyed all the right which the grantors had in the real estate in H. which belonged to J.

If, at the trial of a writ of entry, it appears that the demandants are tenants in common of the demanded premises with some persons unknown, they are only entitled to judgment for their undivided portions, although the tenant has only a possessory title.

WRIT OF ENTRY, dated November 11, 1884, and returnable to the Superior Court, to recover a parcel of land in Haverhill. The declaration described the land demanded by metes and bounds; and alleged that the demandants " were seised of the messuage as aforesaid, with the appurtenances, in their demesne as of fee, within twenty years last past," and that the tenant had disseised them. The tenant filed a demurrer to the declaration, on the ground that the demandants had not set forth the estate that they claimed in the premises, whether it was a fee simple, fee tail, or for life.* *Pitman*, J., overruled the demurrer; and the tenant alleged exceptions.

The tenant then filed a plea of *nul disseisin*. The case was tried, without a jury, before *Gardner*, J., who ordered judgment for the demandants; and reported the case for the determination of this court. If the order was correct, the judgment was to stand; otherwise, the court to make such order, direction, or judgment as was fit and proper for the further disposition of the case. The facts appear in the opinion.

*I. W. Richardson & T. S. Dame*, for the tenant.

*H. N. Merrill*, (*J. O. Wardwell* with him,) for the demandants.

MORTON, C. J. The allegation in the declaration, that the demandants were seised " in their demesne as of fee," is a sufficient allegation that they were seised in fee simple; and the tenant's demurrer was rightly overruled.

The demandants are the heirs at law of Nathan Ayer, who died in 1813. To prove the title of their ancestor, they offered in evidence two deeds to him, one from Lydia Perley, in which her husband joined, dated January 2, 1810, and the other from Peter Ayer, John Ayer, and Abiah West, dated February 21,

---

* By the Pub. Sts. *c.* 173, § 2, the demandant is required to " set forth the estate that he claims in the premises, whether it is in fee simple, fee tail, or for life."

1811.   These deeds were not recorded until October 24, 1884; and it was objected that they were not admissible in evidence because it was not proved that they were delivered to Nathan Ayer.   This was a question of fact, and there was evidence tending to show a delivery.   It tended to show that, at the death of Nathan Ayer, these deeds were found in his pocket-book in his possession.   When a deed, regularly executed, is found in the hands of the grantee, the presumption is that it has been duly delivered.   *Ward* v. *Lewis*, 4 Pick. 518.   *Valentine* v. *Wheeler*, 116 Mass. 478.

The presiding justice of the Superior Court, who tried the case without a jury, was justified in finding that these deeds were duly delivered to Nathan Ayer.

The tenant contended that the second deed was not admissible, because it was not executed by all the parties who purport to be grantors therein.   This subject is discussed in *Mattoon* v. *Barnes*, 112 Mass. 463; and, for the reasons stated in that case, we are of opinion that this objection cannot be maintained.   The deed clearly conveyed the interest of those who executed it.

Nor can we sustain the tenant's contention that the deeds conveyed only land in Bakerstown.   They were quitclaim deeds, and conveyed " a. certain right of land lying in the town formerly called Bakerstown," and "also all the right we have in any estate, real or personal, belonging to the estate of Jacob Ayer, late of Haverhill, deceased."   They clearly convey all the right which the grantors who executed them had in the real estate in Haverhill which belonged to Jacob Ayer.   *Hoxie* v. *Lawrence*, 117 Mass. 111.

The remaining question is whether the Superior Court was right in the ruling that, upon the evidence, the demandants were entitled to judgment for all the land demanded.   It appeared at the trial, that " some, and not all, of the heirs of Jacob Ayer, living at the time the deeds were executed and delivered, executed the same, and there was no evidence to show who were the heirs of those heirs of Jacob Ayer that did not execute these deeds."   It also appeared that the demandants are not heirs of Jacob Ayer.   By virtue of the deeds to him, Nathan Ayer became tenant in common with the heirs of Jacob who did not execute said deeds.

The evidence, therefore, proves that the demandants were not the owners of the whole of the demanded premises, but were tenants in common with some persons unknown. In a writ of entry, the demandant must recover upon the strength of his own title, and not upon the weakness of that of the tenant. Not merely the possession, but the title, is in issue, and he can recover only to the extent to which he proves title. A tenant in common may bring the writ without joining his cotenants, but he is entitled to recover only the undivided portion to which he proves a sufficient title. Pub. Sts. *c.* 173, §§ 7, 10. *Dewey* v. *Brown,* 2 Pick. 387. *Chandler* v. *Simmons,* 97 Mass. 508. *Swan* v. *Stephens,* 99 Mass. 7. *Backus* v. *Chapman,* 111 Mass. 386.

It is not material that the tenant does not claim under Jacob Ayer. He is not required to disclose his claim or title, but may rely upon the failure of the demandants to prove title in themselves. He has a possessory title, which is good against everybody but the true owner. Who is the owner of the portion of Jacob Ayer's estate in the demanded premises not conveyed to the demandants, may not be known. The demandants are not the owners, and have no title by record or by possession beyond the interest which they took under the deeds to Nathan Ayer. The judgment should be coextensive with the title which they have proved; and we are of opinion that the presiding justice of the Superior Court erred in the ruling that the demandants were entitled to judgment for all the land demanded.

Upon the record before us, without the aid of witnesses who can explain the relationship of the various parties named in the record to Jacob Ayer, it is impossible to determine precisely what part of the estate of Jacob Ayer was conveyed by the two deeds to Nathan Ayer. The deeds seem to have been signed by some of the brothers and sisters and nephews of Jacob. It does not appear whether he left any children or not. It seems probable that some more definite proof upon these points can be produced at another trial, so as to enable the court to determine he extent to which the demandants have proved a sufficient title; and we are of opinion that justice requires that such an opportunity should be given the demandants.

*New trial ordered.*