## WILLIAM W. COPELAND *vs.* JAMES W. STURTEVANT.

Plymouth.   January 29, 1892. — March 1, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Estate of Homestead — Insolvent Debtor — Pleading.*

Where an estate of homestead has been acquired in land of greater value than the limit of the homestead exemption, and the surplus has been alienated by sale or transfer according to law, the owner of the residue may maintain a writ of entry to recover the land subject to the right of homestead.

Whether, in case of a writ of entry brought by an assignee in insolvency against a grantee of the insolvent on the ground that the conveyance was made in fraud of the insolvent laws, a homestead right in the insolvent which gives the tenant no right of entry can be relied on for any purpose under the general issue, and whether, if pleaded under Rule 52 of the Superior Court, it would be a defence even *pro tanto* to any one except the insolvent, *quœre.*

HOLMES, J.   This is a writ of entry, brought by an assignee in insolvency against a grantee of the insolvent, on the ground that the conveyance was made in fraud of the insolvent laws. The plea is *nul disseisin*, with no specification of defence, as required by Rule 52 of the Superior Court for defences which, under the rules of common law, could not be shown under the general issue.   The jury found for the demandant.   The conveyance to the tenant reserved to the insolvent a right of homestead which he had in the premises.   It was admitted that they were worth in the whole from twelve to fourteen hundred dollars.   The question raised by the tenant's exceptions is whether the homestead outstanding in the insolvent prevents the assignee from recovering.

The short answer is, that it is settled that where an estate of homestead has been acquired in land of greater value than the limit of the homestead exemption, and the surplus has been alienated by sale or transfer according to law, the owner of the residue may maintain a writ of entry to recover the land subject to the right of homestead.   *Castle* v. *Palmer*, 6 Allen, 401.   *Silloway* v. *Brown*, 12 Allen, 30, 36.   *Swan* v. *Stephens*, 99 Mass. 7, 10.   *Letchford* v. *Cary*, 52 Miss. 791.   This land is admitted to be of greater value than eight hundred dollars, the limit of the homestead exemption.   Pub. Sts. c. 123, § 1.   The assign-

ment to the demandant effectually transferred the surplus to him.    Pub. Sts. c. 123, § 7; c. 157, §§ 96–98.  *Silloway* v. *Brown, ubi supra.   Freeland* v. *Freeland,* 102 Mass. 475.

What we have said disposes of the case, since the rulings asked went only to the possibility of maintaining the action and not to the extent of the plaintiff's recovery.   Whether a homestead right in a third person which gives the tenant no right of entry can be relied on for any purpose under the general issue may be a question.   *Wolcot* v. *Knight*, 6 Mass. 418, 419.   *Mechanics' Bank* v. *Williams*, 17 Pick. 438, 439.   *Johnson* v. *Boardman*, 6 Allen, 28, 29.   *Swan* v. *Stephens*, 99 Mass. 7, 9, 10. And also whether, if pleaded, it would be a defence even *pro tanto* to any one except the insolvent.   *Stebbins* v. *Miller*, 12 Allen, 591, 597.   *Howe* v. *Adams*, 28 Vt. 541, 544.   Compare *Parks* v. *Reilly*, 5 Allen, 77; *Silloway* v. *Brown*, 12 Allen, 30, 33.

*Exceptions overruled.*

*L. A. Cook & W. J. Coughlan*, for the demandant.
*R. O. Harris*, for the tenant.