Hibbard, P. J.,
There is a limited issue involved in this action. It sounds in contract, the plaintiff seeking to recover from the defendant for use and occupation of certain real estate. The plaintiff’s title was that of one of several tenants in common. The defendant’s answer was a general denial. The facts are not in dispute. The important ones are that the defendant had resided in and occupied a certain house and premises belonging to one Alphonse Pepin for approximately fifteen years, that said Pepin deceased during the year 1932 and the plaintiff as one of his heirs-at-law inherited an interest in the real estate occupied by the defendant. The defendant paid rent after the death of said Pepin to the administrator of his estate from the date of his death in 1932 to September 28,1935 at the rate of fifteen dollars per month and he continued to occupy said premises from said last mentioned date and was still in-possession at the date of the trial of the instant action.
*173 The plaintiff seasonably requested the Trial Court to rule that as a matter of law the plaintiff is entitled to recover. It does not appear what the action of thé Court was with reference to this request.
The defendant seasonably requested the Court to rule as follows:
“The defendant is entitled to a finding in his favor since there is not here a joinder of all the parties owning the premises out of which damages could arise for use and occupation by the defendant nor is any tenancy established on the part of the plaintiff entitling him to recover.”
This request was allowed by the Court. The case is before this tribunal on a report claimed by the plaintiff alleging that he was aggrieved by the refusal of the Court to give his request and by the granting of the request made by the defendant. The Court found for the defendant.
. Upon the facts stated, there is here a continuity of title, it passing from Alphonse Pepin upon his death intestate to the plaintiff as one of his heirs. There is likewise continuity of use and occupation extending over a period of years during the lifetime of the said Pepin and subsequent to his death to the time of the trial of the instant action.
In our opinion, the decision in Butrick et als. v. Tilton, 141 Mass. 93 is controlling in the instant action. It is true that in the Butrick case a writ of entry was involved but the Court said on page 96 “A tenant in common may bring the writ without joining his co-tenants but he is entitled to recover only the undivided portion to which he proves a sufficient title.”
The instant case differs from those of which Barnes v. Springfield, 268 Mass. 497 is typical. The case rested upon statutory authority which permits a tenant in common to recover damages for injuries to his estate without joining the other tenants in common.
*174 A tenant in common has a right of-possession which he may exercise. He has also a right to sell and dispose of his undivided interest. We see no sound reason why he cannot recover for the use and occupation of his interest. That interest must be determined by the Trial Court. It depends upon his statutory interest as an heir-at-law and the amount due from the defendant for the use and occupation. Tenants in common are such as hold property by several and distinct titles but by unity of possession. To hold that a tenant in common could not recover for use and occupation of his undivided interest might deprive him of the opportunity of recovery.
There was prejudicial error in the allowance by the Trial Court of the defendant’s request. The case must be returned to the Trial Court for a new trial.