Skoric v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty.**

**PRESENT:**
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

Ivo Skoric,

    *Plaintiff-Appellant*,

   v.           19-2133

Andrew M. Saul, Commissioner of Social Security,

    *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:   IVO SKORIC, pro se, Rutland, VT.

FOR DEFENDANT-APPELLEE:   BENIL ABRAHAM, Special Assistant U.S. Attorney (Ellen E. Sovern, Regional Chief Counsel, Region II, Office of the General

Counsel, Social Security Administration, *on the brief*), *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ivo Skoric, pro se, sought review of a final determination by the Commissioner of Social Security denying his applications for social security disability insurance benefits ("SSDI") and supplemental security income ("SSI"). The district court granted the Commissioner's motion for judgment on the pleadings, finding that substantial evidence supported the administrative law judge's ("ALJ's") decision that Skoric was not disabled because he had the residual functional capacity ("RFC") to perform medium work with some limitations, and that such a person could perform Skoric's past work in web development. Skoric appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the district court's judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a benefits determination by the Commissioner, we "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). The substantial evidence standard means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r.*,

683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

A thorough review of the certified administrative record and relevant case law reveals that the ALJ applied the correct legal standards and that the determination that Skoric was not disabled between 2012 and 2016 was supported by substantial evidence. As the district court correctly determined, substantial evidence showed that Skoric did not have a severe impairment meeting or equaling a listed impairment; he had the RFC to perform medium work with limitations; he was capable of performing his past relevant work as a web consultant; and he could perform jobs existing in the national economy. Accordingly, we affirm for substantially the same reasons as articulated by the district court in its detailed opinion.

Several points warrant brief discussion. First, Skoric argues that the ALJ and district court misrepresented portions of his medical record. He asserts, for example, that the ALJ and district court cherry-picked statements from the record of his August 2014 visit with Dr. Paul Hecht that Skoric had "full motor function" and "no gross ankle instability," while ignoring the fact that Skoric could not toe-walk, maintain a normal gait, or properly balance during the visit. However, the ALJ's and district court's characterization of the record was accurate. Dr. Hecht reported that Skoric had "full motor function" and "no gross ankle instability," and his notes do not mention issues with toe-walking, balance, or gait.

Skoric next contends that his physical and mental condition has deteriorated since the ALJ's decision and that the case should therefore be remanded so that the agency can consider the evidence of his hip osteoarthritis, possible avascular necrosis, and bipolar depression. We "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for

3

the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Evidence is material if (1) it is relevant to the claimant's condition during the time period for which benefits were denied, (2) it is probative, and (3) there is a reasonable possibility that the new evidence would have influenced the Commissioner to decide the claimant's application differently. *Pollard v. Halter*, 377 F.3d 183, 193–94 (2d Cir. 2004). We agree with the district court that this new evidence is not material because it does not relate to Skoric's condition during the period for which he sought benefits. Moreover, Skoric failed to provide documentary corroboration of his diagnosis of hip osteoarthritis and avascular necrosis.[1]

Finally, Skoric criticizes the five-step disability evaluation process as "flawed and biased" because it gives the Commissioner tools to "capriciously deny pretty much anyone" and leads to "absurd" results. Although he disagrees with how the disability evaluation process is structured and how it was applied in his case, the Commissioner retains broad authority to promulgate regulations "necessary or appropriate to carry out" the provisions of the Social Security Act, including regulations providing for "the nature and extent of the proofs and evidence" necessary to establish a claimant's right to benefits. *See, e.g.*, 42 U.S.C. § 405(a); *Barnhart v. Walton*, 535 U.S. 212, 225 (2002) (citing the Commissioner's "considerable authority" to interpret the Act). Skoric's personal opinion that the evaluation process is flawed is not sufficient to show that the process is arbitrary or capricious, or that it exceeded the Commissioner's authority.

---

[1] We take no position on whether proper evidence of such conditions might be material to a benefits claim for a subsequent period.

4

We have reviewed the remainder of Skoric's arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5